# Susanne de Charette, By, etc., et al. v. St. Matthews Bank and Trust Company, et al.

(Decided May 11, 1926.)

## Appeal from Shelby Circuit Court.

1. Venue—Circuit Court of County in which Land Involved is Not Located, and in which None of Parties Reside, has Jurisdiction to Construe Will, where Parties Voluntarily Submit to Jurisdiction without Objection to Venue (Ky. Stats., Section 966; Civil Code of Practice, Sections 62-77).—Henry circuit court held not deprived of jurisdiction to construe will, in view of Ky. Stats., section 966, because land was located in another county, and none of parties to action resided in Henry county, where parties voluntarily submitted case to Henry circuit court for adjudication without objection as to venue; Civil Code of Practice, sections 62-77, being unavailable.

2. Judgment—Judgment Construing Will Held Void as to Infant on Whom no Process was Served and no Warning Order Entered, Appointment of Guardian Ad Litem Being Void (Civil Code of Practice, Section 38).—Judgment construing will held void as to infant on whom no process was served and no warning order entered, in view of Civil Code of Practice, section 38, notwithstanding appointment of guardian ad litem to represent her at trial.

3. Judgment—Estoppel of a Judgment Must be Mutual.—Estoppel of a judgment is mutual, and, if judgment does not estop one of parties, it cannot be relied on by him as an estoppel of the other.

4. Judgment—Creditors of Petitioner, Not Parties to Proceedings to Construe Will, Cannot Maintain that Judgment in Proceedings was Conclusive on Parties Thereto, Since Element of Mutual Estoppel was Lacking (Declaratory Judgment Act, Section 9 [Acts 1922, c. 83]).—Judgment in proceedings to construe will under Declaratory Judgment Act not being conclusive on creditors of petitioner who were not parties to proceedings, held, that they cannot maintain that judgment was conclusive on parties to proceeding, since element of mutual estoppel was lacking; Declaratory Judgment Act, section 9, being unavailable.

5. Action—Declaratory Judgment Act Purposes to Relieve Litigants of Common-Law Rule that no Declaration of Rights May be Adjudged, Unless Right has been Violated, for Violation of which Relief May be Granted (Acts 1922, c. 83).—Primary purpose of Declaratory Judgment Act is to relieve litigants of common-law rule that no declaration of rights may be judicially adjudged, unless a right has been violated, for violation of which relief may be granted.

6. Wills.—Intention of testator should guide court in construction of a will.

7. Wills—All Rules of Construction Must Give Way when Actual Intention of Testator is Clear from Will.—When actual intention of testator is clear from will, all rules of construction must give way to it, however crudely or inartificially will may be expressed.

8. Wills—Will Devising Farm in Trust, and Directing Payment of Rents and Profits Therefrom to Testatrix's Daughter, and Providing for Disposition on Her Death, Held to Create Only a Life Estate in Devisee.—Will devising farm in trust, and directing that rents and profits therefrom should be paid to testatrix's daughter, or giving her right to control and operate farm, if living thereon, and providing for its disposition on her death, held to create in devisee only a life estate, notwithstanding that she was granted power to dispose of farm by will.

9. Wills—Power to Dispose of Property by Devisee Conferred on Life Tenant Does Not Create Fee or Enlarge Estate of Life Tenant.—Power to dispose of property by devise conferred on a life tenant does not create a fee or enlarge estate of life tenant, since, if life tenant makes a will, it is only made in execution of the power.

10. Wills.—Life estate of devisee under will may be subjected to payment of her debts, in view of Ky. Stats., section 2355.

11. Judgment—Refusal to Set Aside Consent Judgment for Sale of Personal Property on Foreclosure of Chattel Mortgages Held Not Erroneous, where it did Not Appear that Mortgagor's Attorneys Did Not Consent Thereto.—Refusal to set aside consent judgment for sale of personal property on foreclosure of chattel mortgages held not erroneous, though mortgagor filed an affidavit that she did not consent to judgment, where no affidavit was filed by her attorneys showing that they did not consent to it.

12. Attorney and Client.—In progress of an action, attorneys may consent to orders which they deem proper under the pleadings.

13. Appearance—Defendant's Appeal from Judgment on Codefendant's Cross-Petition Against Her Constituted Appearance as to Such Pleading.—Defendant's appeal from judgment on codefendant's cross-petition against her entered her appearance to such pleading, and, on remand, she would be deemed before court as to it.

MATT J. HOLT, W. W. JESSE, guardian ad litem, and WARREN T. GODFROY for appellants.

W. PRATT DALE and BARRET & NETTELROTH for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

On August 11, 1923, Sue T. Henning executed to the Bank of Shelbyville, and a large number of other creditors named therein, a mortgage on all her property, real and personal, in consideration of their extending the time of payment of their respective debts and agreeing to prosecute no action against her before January 1, 1925.

One tract of the land known as Allendale covered by this mortgage was held by Mrs. Henning under the will of Bettie Merriwether. On April 23, 1924, Sue T. Henning filed her petition in equity in the Henry circuit court praying a construction of Mrs. Merriwether's will under the Declaratory Judgment Act. She made defendants to the petition her daughter, Marquise de Charette, her granddaughter, Susanne de Charette, the only child of her daughter, and E. B. Beard and G. T. Dick, who were her trustees under Mrs. Merriwether's will. Marquise de Charette filed a demurrer to the petition; the trustees filed answer, and the circuit court overruled the demurrer. It was also alleged in the petition that Theodore Allen, etc., contingent remaindermen under Mrs. Merriwether's will, had conveyed their interest in the property to Mrs. Henning. A copy of the deed was filed with the petition. A guardian *ad litem* was appointed for the infant, who lived in France, but no warning order or other process was issued. The guardian *ad litem* filed answer, and the case being submitted the court on April 25, 1924, entered judgment that Sue T. Henning took a fee in Allendale and discharged the trustees. An appeal was prayed but none appears to have been prosecuted. On July 1, 1924, Mrs. Henning executed a deed of trust to the St. Matthews Bank and Trust Company for the purpose of securing payment of $60,000.00 in bonds, the trustees agreeing to apply the money collected on the bonds to the *pro rata* satisfaction of the debts of Mrs. Henning. On January 5, 1925, the Bank of Shelbyville and the Logan Grocery Company, two of the creditors named in the mortgage executed August 11, 1923, filed their petition asking that the mortgage be foreclosed and that the property be subjected to the payment of the debts therein named. On February 11, 1925, the St. Matthews Bank and Trust Company filed its answer, counterclaim and cross-petition, setting up a debt it held against Mrs. Henning, and also the provisions of the deed of trust and praying judgment for the settlement of its acts as trustee and the enforcement of the lien. On the same day G. T. Dick and E. B. Beard, as trustees, filed their answer setting up the provisions of Mrs. Meriwether's will and praying that their rights as trustees under the will be protected. On April 2, 1925, the plaintiffs filed an amended petition setting up the proceedings and judgment in the Henry circuit court adjudging that Mrs. Henning had a fee simple title to the property under the will of Mrs. Meri-

wether, and filing a copy of that record as part of the pleading. They also set up the deed of trust executed by Mrs. Henning on July 1, 1924, and prayed that it be enforced. All the necessary parties were made defendants and the nonresidents were brought before the court by a warning order. On May 21, 1925, the St. Matthews Bank and Trust Company filed in open court an amended and supplemental answer, counterclaim and cross-petition, setting up a chattel mortgage on certain Jersey cows and other personal property, executed by Mrs. Henning to it on June 28, 1923, to secure the debts therein named, also the mortgage executed on August 11, 1923, and praying that the chattel mortgage be enforced. On the 23rd day of May, 1925, by consent and agreement of the defendant, Sue T. Henning, it was adjudged by the court that the chattel mortgage be foreclosed and the personal property sold. On August 4, 1925, in vacation, the St. Matthews Bank and Trust Company, as trustee, filed its answer, counterclaim and cross-petition, setting up the deed of trust executed to it on the 1st day of July, 1924, and praying that its lien be enforced and the land sold for the satisfaction of the $60,000.00 of bonds named in it. On August 4, 1925, a warning order was made against Marquis de Charette, Marquise de Charette and Susanne de Charette. No other process appears in the record upon this pleading or notice of its filing. On October 7, 1925, Mrs. Henning, by attorney, offered to file her answer, counterclaim and cross-petition. The court allowed the third and fourth paragraphs of the answer to be filed, but refused to allow the first and second paragraphs to be filed. It overruled the demurrer she had filed to the petition and amended petition. It entered judgment against Mrs. Henning in favor of the St. Matthews Bank and Trust Company, trustee, for $60,000.00 on the bonds and adjudged a lien on the property therefor. It further adjudged that she owned all the land in fee simple. It overruled the plaintiff's motion for an appointment of a receiver and reserved for future adjudication the question of priority among creditors and the question of the sale of the property. From this judgment Mrs. Henning and her granddaughter, Suzanne de Charette, by her guardian *ad litem*, prosecute the appeal before us.

The first question presented is as to the validity of the judgment of the Henry circuit court. It is insisted for the appellants that the judgment is void for want of jurisdiction, as the land is in Shelby county and none of

the parties to the action resided in Henry county. But the parties voluntarily went to Henry county and there submitted the case to the Henry circuit court for adjudication without objection to the venue. The Henry circuit court is a court of general jurisdiction. Kentucky Statutes, section 966. But the Code of Practice, sections 62-77, requires certain actions to be brought in certain counties. Construing these sections in Gillen v. I. C. R. R. Co., 137 Ky. 375, which was an action to recover damages for injury to land not brought in the county where the land lay, this court said:

> "The purpose of sections 62-77 of the Code is not to regulate the jurisdiction of courts. The Code of Practice does not treat of the jurisdiction of courts or attempt to regulate it. It simply regulates the procedure in civil actions. The purpose of these sections of the Code, as shown in the title, is to regulate the county in which the action may be brought; or, in other words, the venue of the action."

This rule was followed and approved in Williamson v. Williamson, 183 Ky. 435, and Maverick Oil Co. v. Howell, 193 Ky. 433. As shown in these opinions the rule has often been applied to sales of land ordered by the court where the land lay in another county, but the parties were before the court and made no objection to the venue. The rule rests upon the broad ground that the court being one of general jurisdiction and the parties being before the court and submitting their case to it without objection cannot be heard to complain that the action was not brought in the proper county. In Graham v. Kitchen, 118 Ky. 18, the objection was made and was sustained by the circuit court.

But while the judgment is not void as to the adults who voluntarily submitted themselves to the jurisdiction of the court, it is void as to the infant upon whom no process was served and no warning order entered. Section 38 of the Code provides as follows:

> "No appointment of a guardian *ad litem* shall be made until the defendant is summoned, or until a person is summoned for him, as is authorized by section 52."

Under this section it has been held that the appointment of a guardian *ad litem* before the infant is summoned is void and does not bring him before the court.

Allsmiller v. Freutchenicht, 86 Ky. 198; Holloway v. Brown, 181 Ky. 720. The judgment of the Henry circuit court is, therefore, void as to the infant, who was in no way before the court.

It remains to determine the effect of the judgment of the Henry circuit court. None of the other parties to the action in the Shelby circuit court were parties to the action in the Henry circuit court. The creditors acquired valuable rights under the mortgage executed by Mrs. Henning to them on August 11, 1923, which was nearly a year before the proceeding in the Henry circuit court was instituted. None of the rights of these creditors would have been affected in any way by the judgment of the Henry circuit court if that court had determined that Mrs. Henning only owned a life estate in the property, for they could not be deprived of their rights without due process of law and they were strangers to the action in the Henry circuit court. It is well settled that the estoppel of a judgment is mutual, and that if the judgment does not estop one of the parties it cannot be relied on by him as an estoppel of the other.

> "It is a general rule that estoppels must be mutual, and one of the essential elements of estoppel by judgment is that both the litigants must be alike concluded by the judgment, or it binds neither. In order to come within the rule of *res judicata* the first judgment must be one which is binding on both parties to the second action, and one who is not bound by a former judgment cannot avail himself of it. This rule has also been stated in the form that no party is bound in a subsequent suit by a judgment, unless the adverse party, now seeking to secure the benefit of the former adjudication, would have been prejudiced by it if it had been determined the other way." 15 R. C. L. 956, section 432.

It necessarily follows that the rights of the creditors must be determined in this action without regard to what was adjudged in the Henry circuit court. There is nothing in the declaratory judgment statute changing this common law rule. On the contrary, section 9 provides as follows:

> "When declaratory relief is sought, all persons shall be made parties who have or claim any inter-

est which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.''

The judgment under this act is not unlike the judgment in an agreed case submitted by the parties to the court which binds these parties and their privies but no one else.  The judgment of the Henry circuit court is conclusive upon Mrs. Henning and her daughter and as between them, each is estopped thereby, but neither is estopped by the judgment against other persons who were not parties or privies and not before the court.  It is only conclusive of the rights of Mrs. Henning and her daughter as between them and their privies, for they were the only parties before the court, and to hold it conclusive on Mrs. Henning's creditors would be to deny them due process of law.  As it is not conclusive on them, they cannot maintain that it is conclusive on Mrs. Henning or her daughter in this suit, for estoppels are mutual.

The primary purpose of the Declaratory Judgment Act is to relieve litigants of the common law rule that no declaration of rights may be judicially adjudged unless a right has been violated, for the violation of which relief may be granted.  The statute is only applicable when ''it is made to appear that an actual controversy exists,'' section 1; all persons interested must be made parties and the judgment does not affect persons not parties to the proceeding, section 9.  The judgment, therefore, stands as any other judgment and affects only parties and privies.

"As used when dealing with the estoppel of a judgment, privity denotes mutual or successive relationship to the same right of property, and it is classified as privity in estate, privity in blood, and privity in law, in all of which kinds there must be an identity of interest.  A privity in estate is one who derives title to property from another.  He comes in by succession to property by contract or law.  To make one person a privy in estate to another, that other must be predecessor in respect to the property in question, from whom the privy derives his right or title.  Examples of this class of privies are joint tenants, donor and donee, lessor and lessee, and successors in office.  Privies in representation are

illustrated by executor and testator, administrator and intestate. Examples of privy in law are those of a personal representative of a deceased person and those holding estates by escheat.'' 15 R. C. L., section 488.

The case is here on demurrer. The only parties pleading the judgment of the Henry circuit court are the plaintiffs in the original action who sue to enforce the mortgage executed August 11, 1923, and clearly are not privies of Mrs. Henning in the judgment she subsequently obtained; they would not be bound by that judgment if adverse to them; their rights had accrued before that action was brought, and so far as appears they in no way acted upon that judgment. This is the only question now presented. On the demurrer, the pleading is not sufficient to make out an estoppel and this is the only question now decided.

This brings us to the construction of the will of Mrs. Meriwether, which, so far as material, is in these words:

"I, Bettie Meriwether, make this codicil to my will, heretofore made on October 1, 1906. I hereby revoke item seventh of my said will and in lieu thereof make and declare item seventh of my will to be as follows :

"Item Seventh. All of my real estate wherever situated, I give and devise to my daughter, Sue T. Henning, absolutely and in fee simple, to be her sole and separate property free from the control of her present husband, or any husband she may hereafter have; except the tract of land in Shelby county, Kentucky, known as 'Allendale,' containing about four hundred acres, more or less, which tract of land I desire to be held in trust for my said daughter, and direct that she shall select such person as she desires to act as her trustee, and said trustee or trustees so selected, before qualifying or acting as such, shall be required to execute bond with good security for the faithful performance of their duties, which bond shall be approved by the judge of the Shelby county court; provided, however, that the power to dispose of said real estate by will is hereby expressly granted unto my said daughter. It is my wish that my real estate known as Allendale above mentioned, shall be kept intact as it is now, and that it shall not be sold,

but it shall be rented out from year to year, or for a term of years, upon such terms and conditions as my said daughter and her trustees may think proper and best, and the rents and profits therefrom, after paying taxes, costs and improvements, shall be paid to my said daughter, or if my daughter and her trustees shall think best, they may run and operate said farm for the benefit of my daughter. Should my daughter ever desire to live upon said farm then it is my wish that her trustees shall surrender her possession thereof, for the purpose of living on, controlling and operating same, whilst she so lives on it. But I do not mean by this to give her the right to alien, sell or in any wise encumber same. Should my said daughter die leaving issue of her body living, upon her death the property so held in trust shall pass to her descendants; should my said daughter die without leaving issue of her body living, or descendants of such issue, said property so held in trust shall pass in equal proportions to my nephew, Theodore Allen, my nephew, George Bailor Allen, my nephew, John Polk Allen III, and my niece, Mrs. Lena Allen McNair. Should any of my said nephews and niece die before my said daughter, leaving issue surviving them, such issue shall take the share of said estate which the parent would have taken, if living, and should any of said nephews and niece die before the death of my said daughter, without leaving issue surviving, then his or her or their respective remainder interest in said property shall revert to the survivor or survivors of them. Should my daughter Sue T. Henning, and the trustees referred to in my will deem it advisable the said trustees, with the consent of my daughter, are hereby empowered to sell and convey such part of my real estate devised in my will in trust to her, as they think best and reinvest the proceeds of such sale in other good securities, as they may deem wise, to be held in trust as before provided.''

The question presented is, does Mrs. Henning under this will take Allendale in fee simple or does she take only a life estate? The intention of the testator is the pole star guiding the court in the construction of a will. When the actual intention of the testator is clear from the will, all rules of construction must give way to it,

however crudely or inartificially the will may be expressed. By section 2355, Kentucky Statutes, estates of every kind held in trust are subject to the debts of persons for whose benefit they are held, as they would be subject if those persons owned the like interest in the property held as they own in the use or trust thereof. So the real question here is, what interest does Mrs. Henning own in Allendale, which is held in trust?

It will be observed that in the first place the testator devises to Mrs. Henning all of her real estate absolutely and in fee simple except the tract of land known as Allendale, containing about four hundred acres. This shows that she knew how to create a fee simple and did not intend to give her daughter Allendale in fee simple. After providing for trustees to hold Allendale she directs that it shall be kept intact as it now is, and it shall be rented out from year to year, or for a term of years, and the rents and profits paid to her daughter; should her daughter desire to live upon the farm then the trustees shall deliver to her possession of it for the purpose of living on it, controlling and operating it while she so lives on it. Should she die leaving issue of her body living the property so held in trust shall pass to her descendants. Should she die without leaving issue then the property shall pass to Theodore Allen, etc. The only interest in the land that is devised to the daughter by this will is that the rents and profits shall be paid to her, or if she desires to live upon the farm she may control and operate it while she lives. All this must take place in her lifetime. What is devised to her is therefore only a devise of the rents and profits for her life. For plainly, under the will, at her death the rents and profits are to be paid to her daughter or her issue, if she leaves such issue, for the trust terminates at her death. As Mrs. Henning takes under this will nothing but the right to receive the rents and profits during her lifetime, her interest is necessarily only a life estate. It is true that the will provides that the power to dispose of Allendale by will is expressly granted to Mrs. Henning; but it is well settled that a power to dispose of property by devise conferred upon a life tenant does not create a fee or enlarge the estate of the life tenant. If the life tenant makes a will it is only made in execution of the power. McCullock v. Anderson, 90 Ky. 126; Payne v. Johnson, 95 Ky. 175; O'Bryan v. England, 173 Ky. 18; Browning v. Ashbrook, 175 Ky.

755; Thurmond v. Thurmond, 190 Ky. 582; notes 36 A. L. R. 1180-1218.

"As regards the effect of a power of disposal given to the devisee of a life estate, it has been held that if the power of disposal can be exercised only by will the life estate is not enlarged to a fee. This is because the right of testamentary disposition is a mere power, and nothing passes under the clause of the will conferring the power unless it is exercised." 28 R. C. L., p. 238, section 202.

In Bland v. Bland, 90 Ky. 400, it was held that the will there before the court devised the property in substance to the devisees, giving them full control over it, but undertook at the same time to provide that the property should not be subject to their debts. So much of that will as so provided was held in conflict with the statute and the property was subjected to the debts of the devisees. But there is no attempt in the will here before the court to protect the interest of Mrs. Henning from being subjected to her debts. Under the will she may not alien, convey or charge the property beyond her life estate, but her life estate may be subjected to the payment of her debts. If she dies leaving a will disposing of the property, her devisee will take the property under the will as an execution of a power conferred by Mrs. Meriwether's will, and the rights of the devisee will not be affected by the proceedings had in these actions. The infant, Susanne de Charette, is before the court only by warning order and her rights should be protected in the judgment.

The court did not err in refusing to set aside the consent judgment rendered in April, 1925, for the sale of the personal property. While Mrs. Henning filed an affidavit that she did not consent to the judgment, no affidavit was filed by her attorneys showing that they did not consent to it, and in the progress of an action attorneys may consent to orders which they deem proper under the pleadings. The pleadings that had been filed and were not controverted warranted the judgment.

How much has been paid upon the different debts, who paid it, how much is unpaid, are matters not clearly shown by the record. The rights of the St. Matthews Bank & Trust Company, under the deed of trust, depend upon whether it is the owner and holder of the bonds referred to by having purchased them and paid the

money to the other creditors as provided by the deed of trust. None of these bonds are filed in the action and the record does not definitely show who now holds the bonds. They should be filed if a motion to this effect is made.

There was no substantial error in refusing to file the first and second paragraphs of the answer of Mrs. Henning. The action of the court in refusing to allow them to be filed was in substance the same as sustaining a demurrer to these two paragraphs, which would have been proper, as the facts stated therein constituted no defense to the action.

On the return of the case to the circuit court either of the parties will be allowed to amend their pleadings if they desire to do so. Mrs. Henning will be regarded as before the court on the amended answer and cross-petition of the trust company filed in vacation, as the appeal enters her appearance to this pleading.

Judgment reversed and cause remanded for further proceedings consistent herewith. Whole court sitting.