## GRAY v. DEFA et al.

No. 6561.   Decided March 31, 1943.   (135 P. 2d 251.)

340

*C. E. Norton,* of Salt Lake City, for appellants.

*W. D. Beatie,* of Salt Lake City, for respondent.

WOLFE, Chief Justice.

The plaintiff seeks to obtain a decree quieting title to certain lands. The complaint alleged that plaintiff was the owner in fee of the property therein described; that the defendants claimed certain rights in and to the lands through some claim of interest in a contract of sale and certain leasehold agreements, the exact nature of which were unknown to the plaintiff, but were adverse to her title. The prayer, based on the Utah Declaratory Judgment Act, Chap. 64, Title 104, U. C. A., 1943, asked only for a declaration that plaintiff owned the land free from all adverse claims of these defendants.

The defendants filed a demurrer to this complaint which demurrer was duly overruled. Whereupon three defendants, Jaynes, Defa, and Buck, each filed a separate answer and counterclaim by which each claimed an interest in the land. Jaynes alleged that he had a contract to purchase the land from plaintiff and her predecessors in interest. Defa and Buck each claimed a leasehold interest by virtue of separate lease agreements also with plaintiff and her predecessors in interest. In addition, each counterclaim set up a claim for damages alleged to have arisen out of these previous transactions, and each contained a prayer for general relief and for damages. Jaynes also asked for a decree of specific performance of the contract of sale. The other three defen-

dants, Graff, Wright and Norton, filed answers setting up interests under various assignments of the contract of sale and the leasehold agreements.

The court, holding that this was exclusively an action under the Declaratory Judgment Act, found that the counterclaims of the defendants "were not considered as a proper part of this cause of action and that no evidence with reference to certain counterclaims was allowed." It also held that the defendants, by their failure to make payments pursuant to the terms of the contract and lease agreements, had forfeited all rights thereunder. It entered a declaratory judgment which quieted title in the plaintiff and defendants appealed.

The appeal is taken on the judgment roll. Our only concern will therefore be whether the pleadings, findings of fact and conclusions of law support the judgment. *Byron* v. *Utah Copper Co.*, 53 Utah 151, 178 P. 53.

The appellants make seven assignments of error. The primary proposition thereby urged is that the court erred in refusing to consider the various issues raised by the counterclaims.

Although the plaintiff sought relief under the Declaratory Judgment Act, the action in effect is an action to quiet title, which latter action is in the nature of a declaratory proceeding. Bancroft, Code Practice and Remedies, § 127, p. 177. Considered as a regular quiet title action all matters raised by the counterclaims were properly pleadable. When so considered the court would have been required to adjudicate all rights of the parties in the various agreements, thus settling the entire controversy. See *Hanes* v. *Coffee,* 212 Cal. 777, 300 P. 963; *California Trust Co.* v. *Cohn,* 214 Cal. 619, 622, 7 P. 2d 297, 299; *Nevada Land & Invest. Corp.* v. *Sistrunk,* 220 Cal. 174, 30 P. 2d 389.

The complaint in the instant case was aimed or directed at all rights which the defendants claimed in the land by virtue of these various agreements and the contract of sale. The adjudication of all issues raised by the counterclaims

was necessary to a complete settlement of the rights of the parties arising out of said contractual relationships. The judgment entered did not take into account part of the issues raised by way of counterclaim and therefore did not completely settle the controversy. As already stated, the usual action to quiet title would have done so. Both parties apparently take the position that the court had no authority to grant declaratory relief and coercive relief in the same proceeding. The respondent contends that since the counterclaims asked for regular legal and for equitable coercive relief, the court properly refused to consider them. Appellants assert that since the court could not enter a regular legal or an equitable coercive relief in combination with declaratory relief, it abused its discretion in entering any decree but should have required plaintiff to bring another form of action.

The respondent relies on § 104-64-6, U. C. A. 1943, which apparently gives the court wide discretion in determining when it may enter a declaratory decree. That section provides:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

In discussing this provision, Borchard, Declaratory Judgments, 2d Ed., p. 293, states:

"This rule merely embodies the established Anglo-American practice in all jurisdictions and indicates both the practical and remedial scope and limitations of the relief. Yet the discretion granted, however wide and unlimited in appearance, is a judicial discretion, hardened by experience into a rule, and its exercise is subject to appellate review."

He concludes that when the declaratory judgment will not serve a useful purpose in clarifying and settling the legal relations in issue or will not terminate and afford re-

lief from the uncertainty, insecurity, and controversy giving rise to the proceedings, the court should decline to render the same. See, also, *Angell* v. *Schram*, 6 Cir., 109 F. 2d 380; *Metropolitan Life Ins. Co.* v. *Hobeika*, D. C., 23 F. Supp. 1; *Holly Sugar Corp.* v. *Fritzler*, Wyo., 296 P. 206; *Beatty* v. *Chicago, B. & Q. R. Co.*, 49 Wyo. 22, 52 P. 2d 404; *James* v. *Alderton Dock Yards*, 256 N. Y. 298, 176 N. E. 401; 16 Am. Jr. § 14, p. 287, 68 A. L. R. 116; 87 A. L. R. 1212.

Other jurisdictions, which have Declaratory Judgment Acts similar to the Utah Act, hold that where there is another established remedy available by which the controversy could be settled, this fact may be taken into consideration in determining whether or not the court abused its discretion in entering a declaratory judgment. The rule is stated by the Kansas Supreme Court in *Witschner* v. *City of Atchison*, 154 Kan. 212, 117 P. 2d 570, as follows:

"The fact that a question may readily be presented in an actual trial, though not a sufficient ground in every situation on which to deny the use of the Declaratory Judgment Law, constitutes one of the circumstances which may be considered in determining whether courts should maintain an action under the Declaratory Judgment Law."

See, also, *Zenie Bros.* v. *Miskend*, D. C., 10 F. Supp. 779; *Schriber Sheet Metal & Roofers* v. *Shook*, 64 Ohio App. 276, 28 N. E. 2d 699; *Berman* v. *Wreck-A-Pair Bldg. Co.*, 234 Ala. 293, 175 So. 269; *Day* v. *Ostergard*, 146 Pa. Super, 27, 21 A. 2d 586; *Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304, 5 N. E. 2d 829, 109 A. L. R. 1262.

Other cases have gone further and held that statutes similar to the Utah Act were intended to furnish a new remedy where none existed before and that declaratory relief cannot be given where another established remedy exists. See *Miller* v. *Siden*, 259 Mich. 19, 242 N. W. 823; *Stewart* v. *Herten*, 125 Neb. 210, 249 N. W. 552; *Reynolds* v. *Chase*, 87 N. H. 227, 177 A. 291; *James* v. *Alderton Dock Yards*, 256 N. Y. 298, 176 N. E. 401; *Leafgreen* v. *La Bar*, 293 Pa. 263,

142 A. 224; *In re Cryan's Estate*, 301 Pa. 386, 152 A. 675, 71 A. L. R. 1417; *Brindley* v. *Meara,* 209 Ind. 144, 198 N. E. 301, 101 A. L. R. 682; *Morgan* v. *Dietrich,* 179 Md. 199, 16 A. 2d 916; *Williams* v. *Tawes,* 179 Md. 224, 17 A. 2d 137, 132 A. L. R. 1105; 16 Am. Jur. p. 287, § 13. Borchard, Declaratory Judgments, pp. 307-309, 327-337, criticizes cases so holding and explains the basis therefor. He concludes, as we shall subsequently see in more detail, the the declaratory judgment is an alternative remedy to be granted whenever it will serve a useful purpose in settling the uncertainty and insecurity giving rise to the proceeding.

At first blush it appears that the entry of the declaratory decree in the instant case did serve a useful purpose in that it determined that defendants had forfeited all interest in the land by their failure to make payments pursuant to the terms of the contract of sale and the various lease agreements. However, it is difficult to see how such a determination could have been made without hearing the issues raised by the counterclaims. If the plaintiff had, as the defendants contend, fraudulently sold the water rights which were appurtenant to the land so as to cause $50,000 damage to Jaynes, he would be justified in refusing to make further payments at least until a settlement of this matter was attained. Also if plaintiff did not allow defendants Defa and Buck to have the quiet possession of the land pursuant to their respective lease agreements but on the contrary allowed the land to be sold for taxes to the damage of said defendants, said defendants also would be justified in refusing to make further payments on the lease agreements. See *Pembrook* v. *Houston,* 41 Cal. App. 54, 181 P. 828; *Palladine* v. *Imperial Valley, etc., Ass'n,* 65 Cal. App. 727, 225 P. 291; *Nevada Land & Investment Corp.* v. *Sistrunk,* supra. It would, thus, seem evident that these matters would have a direct bearing on the question of whether or not these defendants were in default on the contract and lease agreements. As a general rule we are required to assume in the absence of a bill of exceptions

that the findings of fact are supported by the evidence. See *O'Gorman* v. *Utah Realty & Const. Co.*, 102 Utah 523, 129 P. 2d 981. We would therefore ordinarily assume that the finding of the court that defendants had forfeited all rights under the various agreements and the contract of sale was supported by the evidence. However, the findings themselves disclose that the court excluded evidence on certain of the counterclaims which might have had a material bearing on the question of forfetiture. The evidence probably should have been admitted on this ground. However, we need not base our decision on this alone.

The Utah Declaratory Act makes no provision for counterclaims or intervention, nor does it in any way purport to prescribe the procedure to be followed in seeking relief under the Act. There would, however, be no justification for holding that it repealed other relevant and not inconsistent provisions of the Code. The defendant in such a proceeding should be allowed to set up his side of the controversy by counterclaim. *Jefferson County* v. *Chilton,* 236 Ky. 614, 33 S. W. 2d 601; *Merino* v. *George F. Fish, Inc.,* 112 Conn. 557, 153 A. 301. While it may be argued that in a declaratory proceeding, the defendants could not raise, by way of counterclaim, those issues which would require the court in the same action to enter a usual legal or equitable coercive judgment in conjunction with declaratory relief prayed for in the complaint, there is no basis for such a narrow construction of the Act.

Under the Utah Act, courts are expressly authorized to enter declaratory judgments "whether or not further relief *is* or could be claimed." Section 104-64-1. (Italics added.) In discussing this provision in 34 Harvard Law Review 697 at p. 703, Borchard (author of Borchard, Declaratory Judgments) states:

"* * * the draftsmen [of the Uniform Act] * * * contemplated the broadest methods of requesting declarations, both as incidental to actions or proceedings seeking a coercive judgment and in independent proceedings in which nothing but a declaration is

sought. This appears more clearly from the clause 'whether or not further relief is or could be claimed.'"

Although there are cases holding to the contrary (see *Brindley* v. *Meara*, 209 Ind. 144, 198 N. E. 301, 101 A. L. R. 682), there are recent decisions in which the courts have allowed this procedure under statutes similar to the Utah Act. In *Rolapp* v. *Federal Bldg. & Loan Ass'n*, 11 Cal. App. 2d 337, 53 P. 2d 974, 976, the complaint joined a prayer for declaratory relief with a prayer for straight equitable relief. The defendant objected that the court had no authority to adjudicate both matters in the same action. The court stated:

"Section 1060 declares the remedy [declaratory relief] is available 'whether or not further relief is or could be claimed at the time.' There is nothing in the Code which limits the plaintiff to the one remedy or which prevents its joinder with a straight action for equitable relief."

In *Railroad Bldg., Loan & Savings Ass'n* v. *Grayum*, 136 Kan. 418, 15 P. 2d 405, the plaintiff brought an action to foreclose a mortgage. One defendant filed an answer and cross-petition in which he asked for declaratory relief. The facts creating the controversy calling for declaratory relief were such that the said defendant was required to plead as against plaintiff, A.B., that an authorized person acting as A.B.'s agent endorsed a check, and as against the other defendant, C.D., the cross-petitioner was compelled to allege that the person purporting to act as A.B.'s agent had no authority. Cross-petitioner stated his dilemma and prayed for a determination of the rights of all parties and for such relief as the facts warranted. On appeal, it was held that the lower court had authority under the Declaratory Judgment Act to settle the entire controversy and enter both declaratory and coercive decrees.

In *Jordan Valley Irr. Dist.* v. *Title & Trust Co.*, 154 Or. 76, 58 P. 2d 606, the plaintiff brought suit to foreclose irrigation maintenance tax liens. The defendant petitioned for a judgment declaring water rights and to declare that plain-

tiff was required to maintain a dam. The court held that in order to avoid further litigation that the court could properly adjudicate both matters in the same suit.

In *Chase Nat. Bank* v. *Citizens Gas Co.*, 7 Cir., 113 F. 2d 217, the plaintiff sought a declaratory judgment concerning the validity of a lease and in addition prayed for a judgment in the amount of all unpaid interest payable under the lease. The District Court entered both a declaratory judgment and a judgment for the unpaid interest. On appeal the circuit court held that this was proper. See also *Adams* v. *Cook*, 15 Cal. 2d 352, 101 P. 2d 484 (declaratory relief plus equitable decree relieving a trustee of a real estate restriction) ; *Gunn* v. *Giraudo*, 48 Cal. App. 2d 622, 120 P. 2d 177 (declaratory relief plus allegations of fraud, undue influence and lack of consideration—held proper to grant all relief warranted by proof) ; *Mills* v. *Board of Education*, D. C., 30 F. Supp. 245 (declaratory relief plus injunction) ; *Hudson* v. *Travelers Ins. Co.*, 145 Kan. 732, 67 P. 2d 593, (declaration deemed an unnecessary addition) ; *Kindy Opticians* v. *State Board of Examiners*, 291 Mich. 152, 289 N. W. 112 (declaratory relief plus injunction) ; Borchard, Declaratory Judgments, p. 443.

The desirability of such a holding is well stated in Borchard, Declaratory Judgments, p. 433, as follows:

"The coercive decree looks only to some immediate need, whereas the declaration of rights, by clarifying the legal relations, has prospective value in stabilizing the legal position and may be more analytical than is necessary for an immediate coercive decree. For that reason, it is quite common to seek and obtain a judgment not merely for immediate relief but in addition a judgment declaring the rights of the parties. A variety of types of executory relief may be sought in combination with a declaration. Thus a declaration alone may simplify an issue; a declaration in combination may serve in addition to stabilize a legal relation."

Our Constitution, Art. 8, § 19, provides that there shall be but one form of civil action. The declaratory judgment statutes do not set up a new form of action but merely au-

thorize a new form of relief. There is no justification for holding that this new form of relief must be confined only to cases where no other relief is or could be granted, particularly in view of § 104-64-1, U. C. A. 1943. The language of this section indicates that it can be granted as alternative or as additional relief. We see no merit in the argument that the court in this case could permit the plaintiff to bring one action to secure a declaration that contracts do or do not give the defendants an interest in the land and require the defendants to bring another separate action, based on the same contracts and practically same factual matter, to determine whether or not either party is entitled to a decree of specific performance or to damages. While the trial court could in its discretion treat this as a usual action to quiet title or could enter judgment under the declaratory judgment act, in either event it would be error to refuse to take evidence on all issues raised by these counterclaims.

To summarize, we believe that the Declaratory Judgment Act authorizes the courts to grant declaratory relief in conjunction with usual legal judgments and/or equitable coercive decrees. Also declaratory relief may be given in a separate proceeding where nothing but declaratory relief is sought. Admittedly, most controversies can be settled by the entry of a regular legal or equitable judgment. In such cases there is no need for declaratory relief. However, where the need does exist and the entry of a declaratory decree will serve a useful purpose in ending the uncertainty giving rise to the proceeding there is no practical or legal justification for requiring separate actions to obtain the separate forms of relief.

Where, as in this case, the complaint, which seeks only declaratory relief, is aimed at the defendants' rights under various contracts, the defendants by counterclaim may secure a complete adjudication of their rights under the contracts or claims growing out of the same transactions. This is true even though the matters raised by the counterclaims

might require the court in the same proceeding to enter a judgment for damages and a decree of specific performance in addition to a decree granting the declaratory relief sought.

The only other assignment we deem it necessary to discuss urges that the court erred in denying defendants' motion to bring in as parties plaintiff's predecessors in interest. The complaint alleged that said parties had conveyed all their interest to the plaintiff. The defendants by way of answer claimed that said transfer was fraudulent, but the facts upon which the allegation was predicated are not set out. There is nothing in the pleadings to show that these other parties had any interest and no allegation of facts to show fraud. If on new trial there is a showing by the defendants that these other parties had an interest in the land or that defendants were injured by a fraudulent transfer of the land, we assume that the court will make a proper order.

The judgment must be reversed. Costs to appellants.

McDONOUGH and WADE, JJ., concur.

LARSON, Justice (concurring).

I concur. But I think the court under its inherent powers (generally called equity power) could do, without the Declaratory Judgment Act, anything it could do under the Act. I think the Act does not, and indeed cannot, either enlarge or restrict the inherent equitable powers of the court. The District Courts, as courts of general and original jurisdiction, have the inherent power to hear, and fully determine any justiciable issue, any judicial question, that may arise between the parties within the state.

MOFFAT, Justice (concurring).

I concur in the conclusions reached in the main opinion that "controversies can be settled by the entry of a regular legal or equitable judgment." I also agree in view of the

conclusions reached in the principal opinion, that the usual procedure in a civil action makes unnecessary resort to the declaratory judgment procedure. It may be a prompt method of securing a declaration of legal rights when the parties desire the court to entertain no other questions, rights or relief.