Clyde E. HARVEY and Merilyn P. Harvey, his wife, Plaintiffs,

v.

Owen L. SANDERS et al., Defendants.

Kenneth E. COOMBS et al., Third-Party Plaintiffs and Appellants,

v.

Albert W. HORMAN, dba A. Horman & Company, Third-Party Defendant and Respondent.

No. 13731.

Supreme Court of Utah.

April 15, 1975.

Corporation, assignee of buyer's rights in said contract. Also involved here is a similar second sales contract (contract "B") on the same property, by which Intermountain had become obligated to convey title of the property to the defendants and cross-complainants, Coombs.

The following month, in April 1968, in that foreclosure proceeding, Intermountain filed a cross-complaint against the Coombs, seeking, inter alia, to be released from contract "B." The Coombs asserted defenses, denying their default; and in August 1968 filed a cross-complaint alleging that Intermountain had committed anticipatory breach of its covenant to convey to Coombs, and sought money damages. But it is of critical importance to the issue involved in this case that both in their answer and their cross-complaint Coombs referred to the contract "B," and alleged that Intermountain "is obligated to provide good title to the property to . . . [the Coombs]." It is further significant that it was Intermountain who initiated that proceeding; and that these cross-claims have not been disposed of and are still pending in the action. However, a judgment of foreclosure on contract "A" was entered in favor of Harvey in July 1968. Intermountain itself repurchased the property at the sheriff's sale.

A year later, when Coombs learned that Intermountain recognized no obligation to convey the property to them under contract "B," on July 30, 1969, they recorded a notice of lis pendens as to the property. It states that the Coombs "have filed a cross-claim against Intermountain Capital Corporation of Utah claiming an interest in . . . the property . . . " etc., and "that the claims and interests of said parties in said property were reinstated by the purchase of said property at sheriff's sale by Intermountain Capital Corporation of Utah." Meanwhile, two weeks before the recording of the notice of lis pendens as just stated, Intermountain had deeded the property to Horman. But that deed was not recorded until August 7, 1969, thus

Ralph J. Marsh, Backman, Backman & Clark, Salt Lake City, for appellants.

Arthur H. Nielsen, Nielsen, Conder, Hansen, & Henriod, Salt Lake City, for respondent.

CROCKETT, Justice:

In March 1968, Harvey, assignee of seller's rights in a uniform real estate contract (herein called contract "A") convering a subdivision development property in West Jordan, Salt Lake County, commenced foreclosure against Intermountain Capital

subsequent to the Coombs' recording their notice of lis pendens.

Thereafter, Horman was made third-party defendant in this action. In their third-party complaint against Horman, in reliance upon the fact situation as hereinabove recited, Coombs asserted superiority of their claim to the property under contract "B" (upon which they aver they have always been willing to perform) over Horman's claim of title under the deed from Intermountain.

Horman made a motion to dismiss on the ground that Coombs had not stated a claim upon which relief could be granted. At a hearing thereon the trial court indicated that the motion would be treated as one for summary judgment. He allowed the parties two weeks to file affidavits. Supplementing their contention of constructive notice to Horman, the Coombs asked leave to amend their third-party complaint to allege that Horman had actual notice of their claim in the property, prior to taking his deed. This was not granted; and thereafter the trial court entered summary judgment in favor of Horman.

On appeal, Coombs contend that it was error to treat the motion to dismiss as a motion for summary judgment. They seek a reversal of that judgment and a determination that Horman's deed is subject to the outcome of the pending litigation between themselves and Intermountain.

■ We need touch only lightly Coombs' contention that the trial court erred in treating Horman's motion to dismiss as a motion for summary judgment. The purpose of that procedure is to afford a means for the prompt and efficient administration of justice by avoiding the time, trouble and expense of a trial when a trial would serve no useful purpose. If from the pleadings and any appropriate supportive materials,[1] it appears as a matter of law, that notwithstanding what a party contends, he could not recover, the trial court can so rule; and if it is consistent with that purpose, he can regard a motion to dismiss as one for summary judgment.[2] This court so stated in Hill v. Grand Central, Inc.[3] But that decision added the warning that the trial court should not be too anxious to act "on his own initiative to try to convert a motion for dismissal into one for summary judgment . . . ". From what is said herein it will be seen that it is our opinion that the trial court failed to heed that admonition. In any event, the vital requirement is that the court be correct in his ruling; and that is the problem of critical concern in this case.

The contentions of the defendant Horman are that the Coombs had elected their remedy by alleging anticipatory breach of their purchase contract "B" and suing for money damages; and that they are therefore estopped from claiming an interest in the property. Supplementing this he urges that the fact that Intermountain repurchased the property at sheriff's sale did not revive Coombs' rights to demand conveyance of the property. The difficulty with Horman's argument is that it singles out and places reliance on only one aspect of this somewhat complicated lawsuit. Even though it is true that the Coombs' cross-claim against Intermountain sounded in money damages for anticipatory breach because the latter's contract "A" was being foreclosed, it also referred to their own purchase contract "B", and asserted an interest in and right to conveyance of title to the subject property.

■■ The recording of the notice of lis pendens is deemed to give notice, not only of the fact the action relating to the property it describes is pending, but what that action entails and the disposition thereof.[4] The fact that Horman's deed was dated two weeks before that recordation does not

---

1. As to what, other than affidavits, constitutes "matters outside the pleading" which may convert a Rule 12(b) motion into one for summary judgment, see Annot., 2 A.L.R. Fed. 1027.

2. Procedure authorized by Rule 12(b), U.R.C.P.

3. 25 Utah 2d 121, 477 P.2d 150.

4. See Glynn v. Dubin, 13 Utah 2d 163, 369 P.2d 930; 51 Am.Jur.2d, Lis Pendens, § 1.

constitute conclusive proof he took without notice of Coombs' claims in the property. This is particularly so because Horman's deed was not recorded until a week after the notice of lis pendens.

In judging the propriety of the trial court's action it is appropriate to consider these principles: It is true that the parties to a lawsuit are required to adhere to the rules of procedure; and are obligated to carry it to a conclusion with reasonable expedition. But it is also important to have in mind that the fundamental purpose of such a proceeding is to ascertain the truth as to disputed facts in order to so apply the law to them as to do justice between the parties. To that end the court should be reasonably indulgent in allowing the parties full oportunity to present their respective contentions in their pleadings, discovery procedures, affidavits, depositions and documents in appropriate support thereof.

In the dispute between these parties it appears to be essential that there be a determination as to what, if any, prior knowledge Horman had concerning Coombs' claimed interests in the subject property. This involves giving some consideration to the effect of: the fact of the existence of the pending lawsuit; the recording of the notice of lis pendens by Coombs; and later recording by Horman of the previously executed deed. In connection with those facts, we think the objectives above stated would be best served by allowing the Coombs to amend to allege actual knowledge of such facts by Horman, and the parties permitted to adduce their proof on that issue.

In accordance with what we have said herein, there appears to be dispute as to issues of material fact. It is therefore necessary that the summary judgment be vacated and that this case be remanded for further proceedings not inconsistent with this decision. No costs awarded.

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.