**CITY OF ST. GEORGE, Plaintiff,**

v.

**PUBLIC SERVICE COMMISSION OF UTAH, Millie O. Bernard, Olof E. Zundell and Joseph C. Foley, Commissioners of the Public Service Commission of Utah, Defendants,**

**Dixie Rural Electrical Association, Intervenor.**

No. 14692.

Supreme Court of Utah.

May 26, 1977.

F. Robert Reeder and Joseph W. Anderson, Parsons, Behle & Latimer, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Salt Lake City, for defendants.

Elliott Lee Pratt, Clyde & Pratt, Salt Lake City, for intervenor.

CROCKETT, Justice:

City of St. George seeks review and reversal of the refusal of the Public Service Commission to enjoin Dixie Rural Electrical Association from rendering service in accordance with its Certificate of Convenience and Necessity issued in 1965 to the rural area adjacent to the City of St. George and which includes an area which has now been annexed to the City of St. George.

Dixie was granted authority and operated as a rural electrical association for some years prior to the 1965 enactment of S.L.U., ch. 106, Sec. 2, now included in our code as Sec. 54–4–25, U.C.A.1953, as amended, which made it subject to regulation by the Public Service Commission. In conformity with that act Dixie filed its application with the Public Service Commission and on June 30, 1966, received a Certificate of Convenience and Necessity to render electric service in a described area in Washington County, including the area then adjacent to the south of the City of St. George, which has since been annexed therein. The controversy between the parties to this proceeding arises because St. George's municipal power plant began serving customers in this annexed area, including a few (less than 20) customers that had theretofore been served by Dixie.

When this dispute arose as to the right to serve those customers, Dixie filed a suit in the District Court seeking an adjudication on that controversy. The file in that suit was not presented in evidence in this proceeding before the Public Service Commission. But it is made to appear that other issues are also raised therein. These include the respective prerogatives of the contending parties as to what customers they each will serve in the overlapping area; what is to be done about Dixie obtaining a franchise to operate within the city; and what St. George may be required to give as just compensation for any property of Dixie it may find necessary to take over.

It is of critical importance to note that that suit is pending and undisposed of in the District Court.

On April 24, 1975, St. George filed this complaint with the Public Service Commission based on the contention that Dixie's Certificate of Convenience and Necessity does not authorize any further extension of its service within the certificated area. It also sought an order enjoining Dixie from furnishing service to any additional customers in the overlapping area.

It is undoubtedly true that under the theory of public utility operation and regulation the objective to be desired is that there should be only one such utility serving any area. As our law has developed the authority of St. George to provide electrical service to its residents derives from our state constitution;[1] and it is not subject to regulation or control by the Public Service Commission.[2]

However, it is obvious that there are some difficulties to be reckoned with in that Dixie was in this disputed area first. It has operated in accordance with law and the authority duly conferred upon it through its Certificate of Convenience and Necessity from the Public Service Commission which not only grants the privilege, but imposes the duty upon it to serve all customers in the area. It has fulfilled that duty and has gradually increased its investment and facilities for that purpose and in doing so has acquired extensive property and rights appurtenant thereto, of which it should not be arbitrarily deprived without an opportunity for an adjudication of its asserted rights vis-a-vis the City of St. George and its prerogatives.

Upon its consideration of the matters presented to it in this proceeding, the Public Service Commission concluded that there was shown no basis nor justification for it to issue an order in this proceeding declar-

1. As to the power of cities to construct, maintain or operate electric public utilities, see Utah Const. Art. XI, Section 5, and Sec. 10–8–14, U.C.A.1953 as amended.

2. *Barnes v. Lehi City,* 74 Utah 321, 279 P. 878 (1929).

ing any limitation on the rights vested in Dixie under its Certificate, nor to enjoin it from operating in accordance therewith. In so ruling it included the following significant recital:

The Commission is aware of the basic conflicts between the parties evident in the Washington County litigation, but concludes that it has no jurisdiction or authority to resolve those many and complex issues.

Supportive of the view thus taken by the Commission is the fact that our District Court is a court of general jurisdiction vested with authority to decide all issues and controversies, other than those expressly excepted or otherwise provided for by law.[3] The consequence of the position taken by the Commission in refusing to take the action requested by St. George appears to be consistent with the idea that the pleading of the prior existing lawsuit pending in the District Court is tantamount to a plea in abatement,[4] the effect of which is to leave the determination and adjudication of any issues properly raised therein to the action of the District Court.

We are not persuaded that the Commission acted capriciously or arbitrarily or exceeded its jurisdiction in the action taken.

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN and HALL, JJ., concur.

WILKINS, J., does not participate herein.

---

**3.** Utah Const. Art. VIII, Section 7.

**4.** 1 Am.Jur.2d Abatement, Survival and Revival, Section 5, 1 C.J.S. Abatement and Revival, § 1.