369 P.2d 930

John D. GLYNN, Plaintiff and Appellant,

v.

Marjorie Doctorman DUBIN, a/k/a Marjorie Doctorman, and Deseret Federal Savings & Loan Association, a corporation, Defendants and Respondents.

No. 9388.

Supreme Court of Utah.

March 27, 1962.

2. Jensen's Used Cars v. Rice, 7 Utah 2d 276, 323 P.2d 259 (1958).

John D. Glynn, Beverly Hills, Cal., for appellant.

Bernard L. Rose, Dean E. Conder, Salt Lake City, for respondents.

SNOW, District Judge.

Plaintiff appeals from a judgment dismissing his complaint for partition of real property and quieting title to it in the defendant, Marjorie Doctorman Dubin.

Plaintiff is an attorney at law who represented defendant's former husband, Dr. Martin F. Dubin, in a prior action in which Dr. Dubin's former wife, defendant Marjorie Doctorman Dubin, sued him first for separate maintenance, and after amendment, for a divorce. The action was commenced January 14, 1959, in which the complaint described the property in question, Lot 24, East Millbrook No. 2, Salt Lake County, as being owned in joint tenancy by the parties. And plaintiff therein asked that it be awarded to her. A proper notice of lis pendens on this property was filed with the county recorder on January 19, 1959.

On December 6, 1959, Dr. Dubin, together with the plaintiff Glynn, his attorney, came to Salt Lake from California to attend the trial of the case, which was scheduled for December 8, 1959. On December 7, 1959, Dr. Dubin made a quitclaim deed of his interest in this property to plaintiff Glynn, reciting $100.00 and other valuable consideration, which it is indicated was for unpaid attorney's fees.

When the matter came on for trial the next day, December 8, 1959, before District Judge A. H. Ellett, the defendant moved to dismiss the action on the ground that inasmuch as the complaint had been amended to seek a divorce; and that the plaintiff in that action, Marjorie Doctorman Dubin, did not have the requisite three months' bona fide residence in Salt Lake County when the original complaint was filed, the court had no jurisdiction of the action. The judge took the motion under advisement and recessed court until 2 p.m., when he would announce his ruling.

During the noon hour Marjorie D. Dubin filed a new action for divorce against Dr. Dubin, and filed a new notice of lis pendens on this property. When court reconvened

at 2 o'clock, Judge Ellett entered an order dismissing the first action, indicating it was without prejudice to the rights of the parties to proceed in another action. Subsequent to this ruling, at about 4 o'clock in the afternoon, another quitclaim deed to the subject property from Dr. Dubin as grantor to the plaintiff Glynn as grantee was filed with the county recorder. Dr. Dubin and Mr. Glynn then left the jurisdiction before the defendant was able to serve process on them in the new action.

After Dr. Dubin was served personally with process in the state of California, and time for answer had elapsed and default was entered, the court granted a divorce to the plaintiff therein, Marjorie Doctorman Dubin, and against Dr. Martin F. Dubin, and among other things decreed as follows:

"3. Plaintiff be, and she is hereby, awarded as her sole and separate property, free and clear of any claims of the defendant, the following described real property [describing it].

"4. Any rights of the defendant be, and the same are hereby, extinguished and terminated in and to said property above described."

It is to be noted that in the action for separate maintenance there are numerous pleadings including the complaint and counterclaim which designate the "East Millbrook" property in question as being the property of the marriage and each party praying the court for a determination of interests in it: that it was within the jurisdiction of the court and submitted to it for adjudication. Of further significance is the fact that the plaintiff, John D. Glynn, as attorney for Dr. Dubin, was attorney of record in that action and fully aware of such facts. He also knew that there was a serious question as to what, if any, interest Dr. Dubin might be entitled to in the property, not only because of claims his wife would normally have in the divorce action, but because of the allegations in the complaint that this property was purchased by her with funds acquired prior to her marriage to him. It is our opinion that this property being within the jurisdiction of the court, having been thus committed to it for the purpose of adjudication, Dr. Dubin could not make any conveyance thereof except subject to adjudication by the court.

The mischief that would follow if the parties to an action under such circumstances could alienate away property which is before the court for determination is obvious. It is equally plain that under the circumstances here shown, where the attorney, Glynn, was fully conversant with the facts hereinabove stated, under the quitclaim deed of Dr. Dubin's interest in the property, he could only take the property subject to whatever disposition the court would make of it. The controlling and indisputable fact is that he had actual knowledge that the property in question was be-

fore the court for adjudication in the litigation which was being carried on between the parties. Inasmuch as the only interest in the property he could take by the deed from Dr. Dubin was whatever interest the latter finally had adjudicated to him, and that turned out to be nothing, the trial court correctly dismissed his complaint and awarded judgment quieting title in said property to the defendant.

Affirmed. Costs to defendant (respondent).

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

CALLISTER, J., having disqualified himself, does not participate herein.