COMMERCIAL BUILDING CORPORA-
TION, Plaintiff and Appellant,

v.

Frank S. BLAIR and American Savings &
Loan Association, Defendants and
Respondents.

No. 14499.

Supreme Court of Utah.

June 8, 1977.

Richard W. Campbell, Ogden, for plaintiff and appellant.

LaVar E. Stark, Ogden, for defendants and respondents.

WILKINS, Justice:

Plaintiff (herein "lessee") appeals from a judgment rendered against it and in favor of Defendant Blair (herein "lessor") by the District Court of Weber County, sitting without a jury. Defendant American Savings and Loan Association is not a party on appeal.

In 1963 lessor granted to lessee a leasehold interest in real property located in Ogden City, Weber County, Utah, described in the lease as:

Parcel 1: All of Lots 31 to 36, inclusive, together with the East 10.3 feet of the vacated alley adjacent on the West, Block 26, Nelson Park Addition . . .

Parcel 2: Together with joint use with other tenants of Lessor of at least 20,000 square feet of additional parking area, right of way and driveway area (herein "parking area") located on lots 25 to 30, inclusive, of said block 26, and upon property adjacent thereto on West.

The term of the lease is for twenty years with options in the lessee to renew the lease for two additional periods of ten years each.

A plat diagram of the total property owned by lessor was submitted in evidence and is reproduced here:

PART OF BLOCK 26 NELSON PARK ADDITION

146.75'  129.75'

20'

N

| 13 | 36 |
| 14 | 35 |
| 15 | 34 |
| 16 | 33 |
| 17 | 32 |
| 18 | 31 |
| 19 | 30 |
| 20 | 29 |
| 21 | 28 |
| 22 | 27 |
| 23 | 26 |
| 24 | 25 |
| M | N |

25'

BRINKER AVENUE

VACATED ALLEY

HARRISON BOULEVARD

25'

18.01'  17.57'

36th STREET

Lots 25 through 30 consist of some 537.5 square feet less than 20,000 square feet.

Initially, in 1964, and in accordance with other terms of the lease not at issue here, lessor surfaced lots 25 through 30 lot "N" and half of the vacated alley, and the total of such space, consisting of more than 20,000 square feet, was used as a parking area until 1973. At that time, lessor blacktopped additional space west of the existing parking lot, and leased a space in the southeast portion of the plot to American Savings and Loan Association. Thereafter, lessee brought this action to prohibit the lessor from using or leasing lots 25 through 30 for any purpose other than parking area.

The issues require an interpretation of the language used to describe Parcel 2.

Lessee claims that the area committed to parking area must comprise all of lots 25 through 30 and also whatever area west of these lots is necessary to make up the guaranteed 20,000 square feet. Lessor argues that the guaranteed space may be located on any of the south portion of his property including all of lots 19 through 24.

The District Court found the language describing parcel 2 to be ambiguous and vague, and, over the objection of lessee, admitted oral testimony as to the intent of the parties. Based on such testimony, the court found that the parties intended the parking to be located on any part of the southern portion of lessor's land, and concluded that by the terms of the lease lessor did not commit lots 25 through 30 exclusively for parking area.

Lessee assigns as error these findings and conclusions of the District Court. We agree.

▇ The rule in the State of Utah, as elsewhere, is that parol evidence may be admitted to show the intent of the parties if the language of a written contract is vague and uncertain.[1] On the other hand, such evidence cannot be permitted to vary or contradict the plain language of the contract. There is nothing vague and uncertain in the lease about whether lots 25 through 30 are committed to parking.

▇ The lease states that the parking area shall be ". . . located on lots 25 to 30, inclusive, of said block 26, . . ." That language is certain and specific. The only thing uncertain in the description is where the additional 537.5 square feet should be located. The answer is contained in the language following the above ". . . and upon property adjacent thereto on the west." But that question was not even presented to the District Court. The question here is whether the lessor could substitute area to the west for all or any part of lots 25 to 30.

▇ The District Court's construction of the language used by the parties requires the substitution of the word "or" for the word "and." All words used by the parties must, if possible, be given their usual and ordinary meaning and effect.[2] The usual and ordinary meaning of the word "and" is "something in addition to."[3] The effect of the Trial Court's interpretation is that the parties instead meant to say "something other than"—which is the usual and ordinary meaning of the word "or."

If it is true that it was not the parties' intention that the parking area should be on lots 25 to 30, then they did not choose apt words to convey their meaning.

▇ The parties' intention is to be determined from the final agreement executed by them and not from prior or contemporaneous conversations, representations or statements. The parol evidence on which the Trial Court based its decision concerned all of the negotiations and conversations which preceded the execution of the final lease, and said testimony was given by the scrivener of the document who is an attorney at law. If it was in fact the intention of the parties that the parking area could be located anywhere on the south half of lessor's property, they had only to say so. To say now that the parties did not mean what they said in clear and plain language is to vary and contradict the terms of the contract.

The judgment is reversed with instructions to enter judgment in favor of the plaintiff, to which costs are awarded.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

1. *Rainford v. Rytting,* 22 Utah 2d 252, 451 P.2d 769 (1969).

2. *Board of Education v. Wright-Osborn,* 49 Utah 453, 164 P. 1033 (1917).

