**Florence GILLMOR, Plaintiff and Respondent,**

v.

**Edward Leslie GILLMOR, Defendant and Appellant.**

Nos. 16023, 16221.

Supreme Court of Utah.

May 24, 1979.

E. J. Skeen of Skeen & Skeen, Salt Lake City, for defendant and appellant.

James B. Lee of Parsons, Behle & Latimer, Salt Lake City, for plaintiff and respondent.

HARDING, Retired District Judge:

This is a suit for a declaratory judgment relating to options to renew leases.

The suit involves three leases of grazing land in Salt Lake, Summit and Tooele Counties. Summary judgment was granted in favor of the plaintiff on two of the leases for the land in Summit and Tooele Counties. The court granted judgment in favor of the plaintiff after a trial with respect to the lease on the Sale Lake County land.

The defendant appealed from both judgments and the cases were consolidated on appeal.

The appellant seeks reversal of the judgments on the following grounds:

1. That an action for a declaratory judgment was improper.

2. That there were genuine issues of material facts precluding summary judgment.

3. That the court erred in excluding evidence of surrounding circumstances existing prior to and at the time of the execution of the leases.

The leases involved were entered into in February 1969. At that time and until his death Edward Lincoln Gillmor was the owner of an undivided one-half interest in 31,340 acres of grazing land in Salt Lake, Summit and Tooele Counties, Edward Leslie Gillmor owned a one-quarter interest and Charles Frank Gillmor owned the remaining one-quarter interest in the same land. By three separate leases, one for the land in each county, Edward Lincoln Gillmor leased his one-half interest in all the land to Edward Leslie Gillmor and Stephen T. Gillmor (who later assigned his leasehold interest to Edward Leslie Gillmor) for a ten-year term from 1969 to 1978, both inclusive, and with the following provision in each lease:

> The Lessees have the option to extend this lease for a period of two years upon the expiration of this lease, provided the ownership of this property is vested in the present Lessor.

In the Salt Lake County lease the lessor is identified on the first page as Edward L. Gillmor (the same person as mentioned herein as Edward Lincoln Gillmor), with no other lessor mentioned. However, there is a provision on page 5, of that lease, that the above lessor and his daughter, Florence J. Gillmor (the plaintiff herein), lease their full interest in an additional 80 acres of land, 40 acres of which were owned by the father and 40 acres by the daughter. The lease was signed by both the father and the daughter on the last page on lines above the word "Lessors," but that is the only place in the lease that such reference is made to lessors in the plural. The daughter had no interest in any of the other land described in the leases during her father's lifetime. She succeeded to his property at his death in January 1970, as his sole heir and devisee, and is now the owner.

■ In November 1974 and in December 1976, the plaintiff served notices on the lessee that there could be no extension of the leases, and it became important for her to determine by binding legal proceedings whether or not the lessee had the right to extend the leases for two years beyond the expiration of the ten-year term. She undertook to do this by prosecuting this action for a declaratory judgment.

Under this state of facts the utilization of the Declaratory Judgment Act was eminently appropriate.[1]

■ The leases were drafted by defendant's counsel and appear to have been carefully and skillfully prepared. The renewal provision set forth above is singularly free from any doubt whatever. The words "present Lessor" can refer to only Edward Lincoln Gillmor, the plaintiff's father, whose death within less than a year after the signing of the leases effectively cancelled that provision, since the ownership of the demised land was no longer vested in him, but had passed by operation of the law to his successors in interest, either by will or intestate succession.

Defendant urges that there were unresolved material facts relating to circumstances existing prior to and at the time of the execution of the leases that should have been presented to the court and considered before any judgment could be rendered. We respond that the language in the leases is so clear and direct as to be invulnerable to any other interpretation, by an attempted employment of parole evidence, than that given by the trial court. Unless some principle in equity, such as fraud, mistake,

---

1. *Salt Lake County v. Salt Lake City*, Utah, 570 P.2d 119 (1977).

and the like, demands otherwise, the leases should stand as written. No such claim is pleaded here, and no proof nor proffer of proof has been offered. The cases support the judgments as to such aspects on this issue.[2]

Defendant challenges the propriety of granting summary judgment while there were "ongoing activities which may change the factual situation." He contends that a pending family partition suit is such an "ongoing activity." We cannot see why the pending partition suit should foreclose a determination as to the extension of the leases. If anything, it becomes more imperative that such question be finally determined.

The fact that the parties are tenants in common of the property is not a complicating factor, since what is in question here is a contractual one involving the "right to renew" leases. The parties fee interests in the land will not be disturbed in any way.

The point on appeal offered by defendant to the effect that "Options to Renew are construed most strongly against the Lessor" is not an issue here. The clarity of the leases leaves nothing to construe. Moreover, the subject leases' scrivenr was defendant himself, by counsel, which neutralizes the "most strongly against" principle by the equally significant maxim that "a contract is construed most strongly against the party who drafts it."

The judgments are affirmed, with costs to plaintiff.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

WILKINS, J., having disqualified himself does not participate herein.

---

2. *Ephraim v. Hawk*, 7 Utah 2d 163, 321 P.2d 221 (1958), and cases cited therein; *Comm. Bldg. Corp. v. Blair*, Utah, 565 P.2d 776 (1977).