JENNY McGUIRK, ADMINISTRATRIX OF THE ESTATE OF LOUIS E. McGUIRK, PLAINTIFF-RESPONDENT, v. AGNES McBENNETT, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF DELIA AGNES McGUIRK, DEFENDANT-APPELLANT.

Argued March 19, 1951—Decided May 7, 1951.

*Mr. George S. Grabow* argued the cause for respondent.

*Mr. Louis Santorf* argued the cause for appellant.

The opinion of the court was delivered by

CASE, J. The appeal was to the Appellate Division and was brought here on our own motion. The matter never reached the stage of an answer. Upon the filing of the complaint in the Passaic County Circuit Court, a motion was made by defendant under the old practice to strike the pleading because it did not set forth a cause of action, and later a counter-mo-

tion, with supporting affidavit, was made by plaintiff for summary judgment. Concurrently, the former motion was denied and the latter was granted. The appeal is from the judgment entered on that decision. The court treated the presentations as cross-motions for summary judgment under *Rule* 3:56, but they were not strictly such.

The allegations of the complaint were: Delia Agnes McGuirk died September 30, 1930, leaving a will which named Agnes McBennett, a daughter, as executrix. The will was probated, and the designated executrix qualified. Paragraph 3 of the will provided:

"Upon the death of my husband, John McGuirk, then my daughter Agnes McBennett is to give my son Louis E. McGuirk the sum of $3000 and my granddaughter the sum of $1000, to be theirs absolutely and forever."

John McGuirk died in 1945. Louis E. McGuirk died in August, of 1934, leaving as his sole survivor his wife, Jenny McGuirk, who qualified as administratrix of the estate of her deceased husband and brought this suit. The complaint further alleged that upon the death of Delia Agnes McGuirk her son, Louis E. McGuirk, acquired "a present vested, fixed right to the sum of $3,000, subject only to a deferment of payment until the happening of an event certain to happen," and demands "of the defendant" the sum of $3,000 together with interest and costs.

The defendant, individually and as executrix, moved, on September 13, 1948, to strike the complaint on the ground that it did not set forth a cause of action in that the legatee in paragraph 3 did not thereby acquire a vested right and that upon his death the legacy lapsed. That motion, upon those grounds, was not supported by facts necessary to an affirmative decision. Much later, but before the motion directed against the complaint was decided, plaintiff, on May 19, 1950, moved for summary judgment and in support filed the affidavit of Jenny McGuirk which restated the allegations of the complaint and added the averment that "the said Agnes

McBennett received all the property and estate of the said Delia Agnes McGuirk."

The judgment, entered November 8, 1950, is for the sum of $3,000, beside costs to be taxed, in favor of the plaintiff, Jenny McGuirk, administratrix, and against the defendant, Agnes McBennett, individually and as executrix of the estate of Delia Agnes McGuirk.

The meritorious question is whether or not the gift of $3,000 was vested and is now enforceable against the defendant either as an individual or as executrix or in both capacities. It is futile to enter upon that legal discussion without knowledge of the facts to which the law must be applied and which are not disclosed by the record. The allegations of the complaint, which form the substance of the supporting affidavit, do not have the accuracy or the detail to support a judgment against Agnes McBennett either individually or as executrix, and the additional statement, *supra*, contained in the affidavit does not supply the omission. It does not appear what "the property and estate of Delia Agnes McGuirk" consisted of, *viz.*, whether personalty or realty, or whether Mrs. McBennett received it individually or as executrix. Perhaps, since of the office of executrix is not designated, the allegation is meant to state that the recipient was the defendant as an individual, but that possibility is not sufficiently plain to resolve the doubt. If the dependence is upon the devise of real estate, burdened with the gift in paragraph 3 as a charge, the ground for holding the executrix does not appear; likewise, if the dependence is upon a legacy of specific personalty to Mrs. McBennett. We are told that various matters were related to the court below without being put in proof. Briefs of one side or the other state that the entire will of Delia Agnes McGuirk was shown to the trial court and that various facts relating to the administration were disclosed, such as the insufficiency of the personal estate coming, under the terms of the will or otherwise, to the hands of the executrix to pay the full amount of the funeral bill. Other factual statements were newly advanced at the oral argument. These

data go to elements that are of the essence but they are not in proof; and because they are not in proof they may not form the basis of a decision either below or here.

Moreover, the judgment as entered runs to its full amount against Mrs. McBennett both individually and as executrix. It does not appear upon what fact or theory that result is reached. She is not charged with wrongdoing as an executrix, nor is wrongdoing proved against her. If the gift to plaintiff's decedent in paragraph 3 is a charge imposed upon Mrs. McBennett, individually, as a devisee of real estate, or as the recipient of a special legacy, it is not apparent why she should respond as executrix; and if the gift is of a legacy to be paid by her as executrix, no clear reason appears, proof of wrongdoing or improper personal advantage being absent, why she should be held to individual liability. It is highly important to distinguish between the two capacities in which the defendant is sued and to support a judgment running against either of them with allegation and proof particular as to it.

The judgment will be reversed and the matter remanded to the trial court to the end that the defendant have opportunity to answer and that the case move thence forward in usual course. Costs will abide the event.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.