72 N.J. Super. 207 (1962)
178 A.2d 237
P. & J. AUTO BODY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID T. MILLER, SR., POLICE COMMISSIONER OF THE TOWNSHIP OF WOODBRIDGE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1961.
Decided February 5, 1962.
*208 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. Norman Robbins argued the cause for respondent (Messrs. Wilentz, Goldman, Spitzer & Sills, attorneys; Mr. Robbins, of counsel).
Mr. Gordon Berkow argued the cause for appellant (Messrs. Hutt & Berkow, attorneys; Mr. Berkow, on the brief).
The opinion of the court was delivered by LEONARD, J.S.C. (temporarily assigned).
Defendant, with leave of this court, appeals from an order of the *209 Superior Court, Law Division, denying his motion, made pursuant to R.R. 4:12-2(e), to dismiss plaintiff's complaint for the reason that same "fails to set forth a cause of action upon which relief can be granted."
Defendant argues as grounds for reversal that the trial court erred in that (1) it treated his motion as one for summary judgment and denied same because questions of fact had been raised; (2) it failed to determine whether the complaint stated a cause of action, and (3) it "should" have dismissed the complaint on said ground.
The pertinent parts of the complaint "In Lieu of Prerogative Writ" follow:
"Plaintiff * * * having its principal office at * * * Woodbridge Township * * * New Jersey, complaining says:
1. At present and at all times referred to herein, plaintiff * * * is and was * * * in the business of operating `wreckers' or tow trucks, and the defendant * * * is and was a duly elected Committeeman of the Township * * * and Police Commissioner of the Township * * *.
2. On November 3, 1941, the Township Committee * * * passed an ordinance concerning the regulation of `wreckers' and the licensing of the owners thereof, * * * which provides, among other matters for licensing of owners of wreckers and the revocation or suspension of such licenses * * * after a hearing upon the nature and circumstances of the violation * * *. This ordinance is in force, at present and was in effect at all times herein.
3. In April, 1960, defendant * * * as Police Commissioner * * * established and published a Call List of eligible garages to be used when wrecker services were required or requested through the Police Department. A copy of the announcement establishing the Call List and the list of requirements and regulations is attached.
4. Under the April, 1960, Call List, the Defendant * * * drew up and issued to the Police Department a list of wrecker owners, broken down into two geographical sections of Woodbridge * * * and further broken down into rotating lists of wrecker owners in each section. * * *
5. On the said Call List issued by the defendant on May 7, 1961, the plaintiff is not listed for a call day from May 8, 1961 to June 7, 1961, and thereafter is listed every six days until the end of the Call List on June 30, 1961. A covering letter sent with the May 8th  * * * Call List, * * * and signed by the defendant, addressed to Township Police Chief * * * and Participating Garages * * * announced the suspension from the Call List of the plaintiff *210 for violation of the Call List, safety requirements and motor vehicle laws on April 4, 1961, at 5.13 p.m. * * *"
"5. (sic) The plaintiff denies any violation of the Call List safety requirements and motor vehicle laws on April 4, 1961, and through its attorneys * * * requested of the defendant, a hearing on the suspension and a stay of the suspension, pending the hearing and decision. The * * * request for hearing was denied by the defendant. * * *

* * * * * * * *
WHEREFORE, the plaintiff demands judgment as follows:
A. The defendant * * * be ordered to grant a hearing to plaintiff * * * on the occurrences on April 4, 1961.
B. The defendant * * * be ordered to appoint an impartial hearing on the alleged violations by the plaintiff on April 4, 1961.
C. The defendant * * * be ordered to reinstate the plaintiff to the Call List and adjust the Call List so as to restore to the plaintiff days equivalent to the number of days lost by the suspension, by listing the plaintiff's name on successive days until the lost time is made up. * * *."
The above referred to "call list" states that it was "established" by the township to "equitably spread the needs of the Township" and to "protect the Township." It sets forth the requirements and steps "that must be taken to be placed" thereon and the "penalties to be invoked when failing to comply" therewith; the latter being exclusion therefrom for stated periods. Significantly, it also provides that the "wreckers" ordinance "shall be enforced."
At the argument of the motion, defendant submitted a legal memorandum to the court which included an unverified "Statement of Facts." Therein defendant asserted that the "call list" was established at the request of the garagemen in order to provide equal opportunity for towing work and that the "drafting" thereof and its administration were "voluntarily assumed" by defendant.
The trial judge treated defendant's motion as one for summary judgment. In denying same, he said:
"* * * Since it appears to me that counsel in their arguments raise questions of fact as to whether or not the police commissioner so named was speaking for himself or whether he was speaking for the township, it would appear to me * * * that the motion is premature.
*211 It may very well be that after the plaintiff's case goes in a motion at that time for the defendant would be in order. But as I see it at this particular time, the case should go on for a regular trial in lieu of a prerogative writ, to the end that further disclosure might be made as to the power of the police commissioner to determine whether or not he was acting for himself, and if he was, whether or not the plaintiff accrued certain rights, and if he had no power, whether or not there were any rights that would accrue to the plaintiff. * * *"
R.R. 4:12-2 provides:
"Every defense, legal or equitable, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the answer thereto, except that the following defenses may at the option of the pleader be made by motion, with briefs: * * * (e) failure to state a claim upon which relief can be granted, * * *. If, on motion asserting the defense numbered (e) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 4:58, * * *." (Emphasis added)
On a motion made pursuant to R.R. 4:12-2(e) the inquiry is confined to a consideration of the legal sufficiency of the alleged facts apparent on the face of the challenged claim. While the court has the power to enlarge the scope of said motion and treat the same as "one for summary judgment," this may be done only if on said motion "matters outside the pleading are presented." However, such matters must be presented by depositions, admissions or affidavits. They cannot be raised, without verification, in oral arguments of counsel or in briefs filed with the court. Goldman v. Summerfield, 94 U.S. App. D.C. 209, 214 F.2d 858 (D.C. Circ. 1954); Patitucci v. United States, 178 F. Supp. 507, 509 (E.D. Pa. 1959); R.R. 4:58-3; McGuirk v. McBennett, 7 N.J. 111, 114 (1951). See also Judson v. Peoples Bank & Trust Co., 17 N.J. 67, 74 (1954) and Orrok v. Parmigiani, 32 N.J. Super. 70, 76-77 (App. Div. 1954).
Based on the aforesaid rule and decisions, we conclude that the trial court should not have treated defendant's *212 motion as one for summary judgment. However, for the reasons hereinafter stated, we are of the opinion that in denying defendant's motion the court did not commit reversible error.
Defendant, for the purpose of his motion, "admitted every allegation in plaintiff's complaint." He makes the same admission on appeal. The facts alleged in the complaint (accepted as true for the purpose of said motion) are that defendant, as police commissioner of the township, "established and published a call list," which list states that it was "established" by the township. Further, the complaint alleges that by virtue of the existing township "wreckers" ordinance, plaintiff was entitled to a "hearing upon the nature and circumstances of the violation" prior to suspension of its license.
Thus the complaint asserts the "call list" to be a creation and instrument of government and charges defendant police commissioner with the failure to perform a duty imposed upon him in administering such "list," as well as with the improper performance of such duty. At common law, official municipal inaction could be remedied by mandamus, Gallena v. Scott, 11 N.J. 231, 238 (1953), and the improper acts of municipal officers and boards could be reviewed by certiorari, McKenna v. New Jersey Highway Authority, 19 N.J. 270, 274, 275 (1955). Although these writs are superseded, procedure "in lieu thereof" for "review, hearing and relief" may be had in the Superior Court. R.R. 4:88-1 et seq.
We are of the opinion that the complaint stated "a claim upon which relief can be granted" and, therefore, the trial court did not err in denying defendant's motion to dismiss the same. We agree with the trial court that upon the facts pleaded, plaintiff was entitled to a "regular trial." In so holding, we are indicating no opinion as to plaintiff's ultimate success therein; we are merely determining that it is entitled to a plenary trial.
Affirmed. Costs to abide the outcome.