136 N.J. Super. 107 (1975)
344 A.2d 782
ERNEST SMITH, ET AL., PLAINTIFFS-APPELLANTS,
v.
THE CITY OF NEWARK, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 16, 1975.
Decided June 30, 1975.
*109 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Mr. Frank B. O'Neill argued the cause for appellants (Mr. Irvin L. Solondz, attorney).
Mr. Theodore A. Winard, Assistant Attorney General, argued the cause for respondent Civil Service Commission (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. John F. Shoosmith, Jr., Deputy Attorney General, on the brief).
*110 PER CURIAM.
Plaintiffs appeal from a judgment dismissing their amended complaint for failure to state a claim upon which relief can be granted. The opinion of the trial court, reported at 128 N.J. Super. 417 (Law Div. 1974), gives the procedural history and factual background in detail. Both will be but briefly restated here.
Plaintiff Ernest Smith, a resident of Newark and employed by that city as a fireman, took a competitive examination for the position of fire captain. He placed No. 61 on the list of those who passed. 35 promotions to captain have since been made from it. Plaintiff instituted a class action on behalf of resident firemen who successfully passed the examination and were placed on the list. The complaint alleged that many of those who were on the list did not meet the residency requirements of N.J.S.A. 40:47-3, N.J.S.A. 40:47-5 and the requirements of Newark Municipal Ordinance 2:14-1, then in effect. Plaintiff sought a judgment (1) declaring all promotions from the list of nonresident firemen void; (2) directing the City of Newark to terminate the employment of all captains or those on the promotion list who did not satisfy residency requirements of the statutes and the ordinance hereinbefore cited, and (3) directing that plaintiff be appointed to the position of fire captain.
While this litigation was pending the Legislature enacted L. 1972, c. 3, § 1 to § 10 (N.J.S.A. 40A:14-9.1 to 9.8; N.J.S.A. 40A:14-10.1 and N.J.S.A. 40A:14-13), which abolished retroactively municipal residency requirements for appointment, continued employment or promotions for municipal firemen.
Thereafter, pursuant to leave granted, plaintiff filed an amended complaint in which he challenged the constitutionality of L. 1972, c. 3, on multiple grounds and, further, contended that certain of the persons promoted from that promotion list and others on the list had obtained their promotions *111 or their positions on the list by fraud in that they falsely certified and represented their places of residency.[1] Plaintiff argues that had they not done so, he would have been advanced on the promotion list and promoted to the position of captain, and that this fraud deprived him of employment opportunities.
Prior to a hearing on the amended complaint the litigation was restructured. The class action feature of the complaint and amended complaint was stricken and four defendants, who were on the promotion list, were realigned as parties plaintiff.[2]
The case now presented to us involves only the rights of these five plaintiffs.
Defendant Civil Service Commission moved to dismiss plaintiffs' amended complaint for failure to state a cause of action by virtue of the provisions of L. 1972, c. 3. Plaintiffs resisted the motion, arguing the statute was unconstitutional and, in any event, not retroactive.
Plaintiffs contend here, as they did before the trial court, that the statute in question is unconstitutional in that it violates:
(1) N.J. Const. (1947), Art. IV, § 7, par. 7, which provides that no general law shall embrace any provision of a private, special or local character;
(2) N.J. Const. (1947), Art. IV, § 7, par. 9(5), in that it constitutes a private, special or local law creating, *112 increasing or decreasing the emoluments, term or tenure rights of public officers or employees;
(3) N.J. Const. (1947), Art. IV, § 7, par. 9(8), in that it grants an individual an exclusive privilege and immunity;
(4) N.J. Const. (1947), Art. IV, § 7, par. 9(13), in that it constitutes a private, special or local law regulating the internal affairs of municipalities;
(5) N.J. Const. (1947), Art. IV, § 7, par. 3, which prohibits the Legislature from passing any bill impairing the obligation of contracts or depriving a party of any remedy for enforcing a contract which existed when the contract was made; and,
(6) N.J. Const. (1947), Art. VII, § 1, par. 2, which provides that appointments and promotions in the Civil Service shall be made according to merit and fitness alone.
Plaintiffs also contend the court below erred in interpreting the repealing statute as being retroactive.
We reject these contentions as being without merit, essentially for the reasons expressed by the trial judge in his reported opinion, Smith v. Newark, supra.
This brings us to plaintiffs' final contention that it was error for the trial judge to rule that the statute in question cured the alleged fraud of defendants and immunized them from its consequences.
On a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, all facts alleged in the complaint and the legitimate inferences drawn therefrom are deemed admitted. Heavner v. Uniroyal, Inc., 63 N.J. 130, 133 (1973); J.H. Becker, Inc. v. Marlboro Tp., 82 N.J. Super. 519, 524 (App. Div. 1964). It must, therefore, be assumed that, consistent with the allegations of the amended complaint, certain firemen seeking promotion to the position of captain falsely and fraudulently certified they were residents of Newark when, in fact, they were not, and had they not so certified, plaintiffs would *113 have been advanced on the promotion list and received a promotion.
It is clear that unless the statute in question has abolished it, plaintiffs possess a cause of action. The issue thus is whether the Legislature, by passage of the statute, intended to and did deprive plaintiffs of their existing cause of action.
While the statute may be given retroactive application in some respects, it does not follow that it deprived plaintiffs of their cause of action then in litigation. A nonresident who truthfully disclosed his nonresidence on his application for promotion cannot now be deprived of his position by virtue of the statute, for he has committed no fraud in that respect. However, nonresidents who falsely certified they were residents and by doing so adversely affected the positions of plaintiffs on the list are not protected by the statute from the consequences of their actions. We underscore the fact that what we here say has reference only to the five plaintiffs herein who had actions pending at the time the statute in question was enacted.
We hold that assuming, without deciding, the Legislature has the power to vitiate retroactively a cause of action for fraud, on the facts now before us we see no evidence of any intent to do so. Such an intention must be clearly expressed in order to affect pending litigation. A & B Auto Stores of Jones St., Inc. v. Newark, 59 N.J. 5, 22 (1971); O'Neill v. Hoboken, 73 N.J.L. 189 (Sup. Ct. 1906); N.J.S.A. 1:1-14 and 1:1-15.
The judgment dismissing the amended complaint is reversed and the case remanded for a hearing on the allegations in plaintiffs' amended complaint respecting the existence of fraud and the rights of plaintiffs, if any, to relief.
NOTES
[1] Plaintiffs also rely on violations of Civil Service Regulation 4:1-8.8, which provides in pertinent part: "(a) In order to qualify for open competitive examination, an applicant must: * * * 5. File an application for examination on the form furnished by the Commission, setting forth fully and truthfully all information required * * *"
[2] The additional parties plaintiff and their positions on the list are as follows:
 Thomas J. Wasik  46
 Luciano J. Miele  48
 Michael S. Miele  49
 Walter W. Carroll, Jr.  50