280 N.J. Super. 217 (1994)
655 A.2d 73
JOSEPH B. DECKER, PLAINTIFF-APPELLANT,
v.
BALLY'S GRAND HOTEL CASINO, CAESAR'S ATLANTIC CITY HOTEL CASINO, MERV GRIFFIN'S RESORTS CASINO HOTEL, SANDS HOTEL & CASINO, TROPWORLD CASINO & ENTERTAINMENT RESORT, TRUMP PLAZA HOTEL & CASINO, AND TRUMP TAJ MAHAL CASINO RESORT, DEFENDANTS-RESPONDENTS, AND SHOWBOAT HOTEL & CASINO, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued January 5, 1994.
Decided February 15, 1994.
*218 Before Judges BROCHIN and KLEINER.
Scott E. Becker argued the cause for plaintiff-appellant.
Frederick H. Kraus argued the cause for respondent Greate Bay Hotel and Casino, Inc. t/a Sands Hotel & Casino.
Patrick Madamba argued the cause for respondents GNOC Corp., Resorts International Hotel, Inc., and Adamar of New Jersey, Inc. (Horn, Goldberg, Gorny, Daniels, Paarz, Plackter & Weiss, attorneys; Mr. Madamba, of counsel; Eileen Lindinger, on the brief).
Christine Cote argued the cause for respondents Trump Taj Mahal Casino Resort, Trump Plaza Hotel Casino, and Caesar's Atlantic City Hotel Casino (Cooper, Perskie, April, Niedelman, Wagenheim & Levenson, attorneys; Lloyd D. Levenson, of counsel and on the brief).
The opinion of the court was delivered by KLEINER, J.A.D.
Appellant Joseph B. Decker appeals from an order dismissing his complaint for failure to state a claim upon which relief may be granted. R. 4:6-2(e). We affirm.
On January 8, 1992, the Casino Control Commission ("the Commission") adopted amendments to N.J.A.C. 19:45-1.37 and N.J.A.C. 19:45-1.39. Prior to the adoption of these amendments, casino licensees were precluded from removing or reducing a *219 jackpot in a progressive slot machine[1] until a jackpot was won by a patron. The amendments, which became effective February 3, 1992, changed this regulatory scheme to allow casinos to establish time limits of not less than thirty days for the offering of progressive jackpots. Thus, the amended regulations permit casino licensees to remove progressive slot machines from the casino floor or to reduce the progressive jackpot after thirty days notice to the public and with prior Commission approval.
On October 23, 1992, plaintiff filed a complaint which named eight Atlantic City casino licensees as defendants. The complaint alleged breach of express and implied contract in that defendants had closed and removed progressive slot machines from their casino floors and sought an undefined amount of damages. In his complaint, plaintiff alleged that he had gambled in every Atlantic City casino since gambling was legalized in 1978. Due to the amount of his gambling losses since 1978, plaintiff decided that the only way to recoup his losses was to play progressive slot machines. He maintains that he has lost substantial amounts of money playing the progressive slot machines. Plaintiff further alleged that on or after February 1992, defendants closed and removed certain progressive slot machines with jackpot prizes totaling over $20 million. Plaintiff maintained that as a result of defendants removing the progressive slot machines, they breached an express and implied contract with the public that the progressive jackpot amount would be awarded to the winning player.
Thereafter defendant Sands Hotel & Casino ("the Sands") filed a motion to dismiss plaintiff's contract action for failure to state a claim upon which relief can be granted. R. 4:6-2(e). This motion was joined by all other defendants except for the Showboat Hotel & Casino ("Showboat"). The Sands argued that since plaintiff did *220 not allege that he had played any particular progressive slot machine at the Sands and had won a jackpot that had been reduced, plaintiff had no colorable claim to damages. Additionally, the Sands argued that plaintiff's allegations as to damages were speculative and plaintiff cannot establish his alleged loss.
In response, plaintiff alleged that he possessed plastic account cards issued by each of the defendant casinos which are used to record information such as a customer's gambling time, amount of winnings or losses and number of visits, but he has not been able to obtain this specific information regarding his gambling record.[2] Additionally, plaintiff argued that defendant's removal of the machines eliminated the possibility that he would win a jackpot.
On December 4, 1992, the court granted the Sands' motion and ordered plaintiff's complaint dismissed as to all defendants.[3] In its memorandum of decision, the trial court found that the casino licensees had complied with the regulation's notice requirement by posting the applicable notices on all of their progressive slot machines and had received approval of all changes from the Commission in accordance with the procedures set out in the regulations. The trial court also concluded that plaintiff had no standing to sue since his complaint did not state that he had played and won the jackpot on a progressive slot machine on *221 which the amount of the progressive meter had been reduced.[4]
On appeal, plaintiff contends that the trial court erred in dismissing his complaint for failure to state a claim upon which relief can be granted. According to plaintiff, the complaint states a cognizable claim for breach of contract or, "at the very least, quasi-contract." We conclude that plaintiff's complaint was properly dismissed.
As we stated in Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552, 535 A.2d 512 (App.Div. 1987):
On a motion made pursuant to R. 4:6-2(e) "the inquiry is confined to a consideration of the legal sufficiency of the alleged facts apparent on the face of the challenged claim." P. & J. Auto Body v. Miller, 72 N.J. Super. 207, 211 [178 A.2d 237] (App.Div. 1962). The court may not consider anything other than whether the complaint states a cognizable cause of action. Ibid. For this purpose, "all facts alleged in the complaint and legitimate inferences drawn therefrom are deemed admitted." Smith v. City of Newark, 136 N.J. Super. 107, 112 [344 A.2d 782] (App.Div. 1975). See also Heavner v. Uniroyal, Inc., 63 N.J. 130, 133 [305 A.2d 412] (1973); Polk v. Schwartz, 166 N.J. Super. 292, 299 [399 A.2d 1001] (App.Div. 1979). A complaint should not be dismissed under this rule where a cause of action is suggested by the facts and a theory of actionability may be articulated by way of amendment. Muniz v. United Hsps. Med. Ctr. Pres. Hsp., 153 N.J. Super. 79, 82-83 [379 A.2d 57] (App.Div. 1977). However, a dismissal is mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted.
In this instance, the factual allegations in the complaint are "palpably insufficient" to support a cause of action. Ibid. Plaintiff placed money in the progressive slot machines and received in return a chance to win a progressive jackpot. The defendants here did not take away the opportunity to win a progressive jackpot before plaintiff pulled the handle on the progressive slot machine. Since he did not win any jackpot, plaintiff has no personal stake in the outcome of the proceedings. Cf. Patrolmen's Benev. Ass'n v. East Brunswick Tp., 180 N.J. Super. 68, 72, 433 A.2d 813 (App.Div. 1981).
*222 Plaintiff has no basis to assert a claim for breach of contract, express or implied, resulting from the removal of a progressive slot machine or the reduction in a prospective jackpot after the plaintiff discontinues his play on a particular machine. The plaintiff's only contract with any defendant is the obligation of the defendants to pay the posted machine jackpot to the plaintiff immediately after the plaintiff has inserted the requisite coinage if the deposit of coinage registers a jackpot on the particular machine then in use. Plaintiff therefore lacks standing and fails to assert a cognizable claim.
Plaintiff also submits on appeal that defendants violated N.J.A.C. 19:45-1.37(a)(9)(4)(iii) by failing to post the appropriate notices until after the machines had been in play for a substantial period of time.[5] We note that plaintiff failed to allege such a violation of the regulation in his complaint. Nonetheless, exclusive jurisdiction over any such violations clearly rests with the Commission and not with the courts. N.J.S.A. 5:12-63; N.J.S.A. 5:12-133(b).
The judgment dismissing plaintiff's complaint is affirmed.
NOTES
[1] A "progressive slot machine" is a slot machine with a progressive jackpot meter which increases incrementally as coins are placed in the machine and the machine is played. N.J.A.C. 19:45-1.39(a) to (b).
[2] Michael Trageser, the Sands' Manager of Slot Merchandising, certified that the Sands does use such cards to maintain player rating records which are prepared and maintained for particular patrons at the Sands in the ordinary course of its business, but that the Sands has no record of plaintiff as a customer. Cheryl Wilson, Assistant Vice President/Casino Marketing of defendant Caesar's, stated that Caesar's records revealed that the plaintiff's first rated play was on January 20, 1986 and his last rated play was on October 22, 1989. Caesar's records further reflected that plaintiff played slot machines on two occasions in December 1987 and that he has otherwise played craps.
[3] Although defendant Showboat did not join in the Sands' motion, the court order dismissed the entire complaint and plaintiff at oral argument acknowledged that he does not challenge the inclusion of the claim against Showboat in the dismissal. The appeal is therefore not interlocutory.
[4] Also on December 4, 1992, a declaratory action plaintiff had instituted against the Commission, which sought to declare the amendments to N.J.A.C. 19:45-1.37 and N.J.A.C. 19:45-1.39 null and void, was dismissed. Plaintiff did not appeal from that decision.
[5] N.J.A.C. 19:45-1.37(a) requires either a display on the front of each slot machine or in a location near the slot machine which provides notice of whether the slot machine offers a progressive jackpot, the dates the progressive jackpot will be offered and the payout limit, and whether a time limit or payout limit has been established. If no time limit or payout limit is established, the display must indicate that the casino licensee reserved the right to change or discontinue the progressive slot machine upon thirty days notice.