NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2104-15T3

KATHARINE LAI,

 Plaintiff-Appellant,

v.

BARBARA LANGBERT,

 Defendant,

and

SHOSHANA SCHIFF, ESQ., and
TRENK, DIPASQUALE, DELLA FERA & SODONO,
P.C.,

 Defendants-Respondents.

________________________________________

 Submitted March 28, 2017 – Decided May 12, 2017

 Before Judges Yannotti and Sapp-Peterson.

 On appeal from the Superior Court of New
 Jersey, Law Division, Middlesex County, Docket
 No. L-3586-15.

 Katharine Lai, appellant pro se.

 McElroy, Deutsch, Mulvaney & Carpenter, LLP,
 attorneys for respondents (Leigh A. DeCotiis,
 on the brief).
PER CURIAM

 In this appeal, pro se plaintiff Katharine Lai, appeals from

the November 20, 2015 order dismissing her complaint against

defendants Shoshana Schiff, Esq. and her law firm Trenk,

DiPasquale, Della Fera & Sodona, P.C. (the Firm), for failure to

state a claim upon which relief may be granted pursuant to Rule

4:6-2(e), and the December 18, 2015 order denying her motion for

reconsideration. We affirm both orders.

 Plaintiff is the principal of Fantastic Realty Company

(Fantastic), which owns property in Highland Park (the Property).

Fantastic leased the property to Dr. Carl Langbert, D.M.D., P.A.,

who operated his dental practice on the premises. According to

plaintiff's complaint, Langbert stopped paying rent in January

2011.

 Langbert subsequently retained Schiff, a partner in the Firm

to represent him in connection with a Chapter 7 bankruptcy

proceeding. Plaintiff alleged that she contacted Schiff and

requested that her name be removed from Langbert's creditor list

filed in the bankruptcy proceeding and that Schiff refused to do

so. Plaintiff contends Schiff's refusal to remove her name was

based upon her status as a "Multiple Disabled, Old, Chines[e]

Woman."

 2 A-2104-15T3
 In lieu of a responsive pleading, defendants filed a motion

seeking dismissal of the complaint for failure to state a claim

upon which relief may be granted. The court granted the motion,

stating in its order that "a liberal review of Plaintiff's eight

count complaint fails to allege a factual basis upon which relief

can be granted. The complaint merely contains conclusory language

asserting the type of relief requested." Thereafter, plaintiff

sought reconsideration. The court denied the motion and the

present appeal followed.

 On appeal, plaintiff states that the procedural history she

presented to the court demonstrates that defendants intentionally

refused to remove her from the creditor's list because she is an

elderly woman of Chinese ancestry, with multiple disabilities.

She also alleges that she reported the motion judge to the Advisory

Committee on Judicial Conduct, which proved that the motion judge

"signed all the wrongful orders to depraved (sic) [her] Civil &

Legal Rights." Finally plaintiff contends she offered to settle

the matter with defendants in order to "avoid this case to be

published on the Internet" and that if a settlement were reached

the case would be removed from "our website."

 A motion to dismiss under Rule 4:6-2(e) should be

"approach[ed] with great caution" and should only be granted in

"the rarest of instances." Printing Mart-Morristown v. Sharp

 3 A-2104-15T3
Electronics Corp., 116 N.J. 739, 771-72 (1989). The trial court

is obliged to view the allegations in the complaint with liberality

and without concern for the plaintiff's ability to prove the facts

alleged in the complaint. Id. at 746. Rather, the court's inquiry

focuses upon "the legal sufficiency of the facts alleged in the

complaint." Donato v. Moldow, 374 N.J. Super. 475, 482 (App. Div.

2005) (citing Printing Mart, supra, 116 N.J. at 746). On appeal,

our standard of review is de novo. Ibid.

 We too must examine "'the legal sufficiency of the alleged

facts apparent on the face of the challenged complaint.'" Rieder

v. Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)

(quoting P. & J. Autobody v. Miller, 72 N.J. Super. 207, 211 (App.

Div. 1962)). In doing so, we must search "the complaint in depth

and with liberality to ascertain whether the fundament of a cause

of action may be gleaned even from an obscure statement of claim,

opportunity being given to amend if necessary." Leon v. Rite Aid

Corp., 340 N.J. Super. 462, 466 (App. Div. 2001) (quoting Printing

Mart, supra, 116 N.J. at 739) (internal citations omitted)).

 Guided by this standard of review, we first observe that none

of the points plaintiff raises addresses the purported errors in

the judge's stated reasons for dismissing her complaint, namely,

the absence of a factual basis set forth in the complaint to

support the various causes of action asserted. Our in-depth and

 4 A-2104-15T3
liberal evaluation of the pleadings reveals two factual

allegations: (1) defendant Schiff refused to give plaintiff the

debtor's "asset listing"; and, (2) Schiff only saw her as a

multiple-disabled and old Chinese woman, which is why Schiff

repeatedly refused to remove plaintiff's name from the bankruptcy

list as a creditor. No other facts are alleged in the complaint.

 The fact that plaintiff is disabled, elderly, and Chinese,

without more, does not assert a claim of discrimination under

either the state or federal Constitutions. At the very least

plaintiff was required to assert some facts from which it may be

gleaned that if proved, a cause of action for discrimination could

be established.

 Plaintiff set forth no facts that, if believed, pled the

elements of discrimination, pursuant to 42 U.S.C. § 1983 and 42

U.S.C. § 1981. Because plaintiff failed to set forth sufficient

facts to support her causes of action of action under New Jersey's

Law Against Discrimination could be sustained. See N.J.S.A. 10:5-

1 to -49. Failing to set forth sufficient facts to support her

causes of action, the court properly dismissed her complaint.

Scheidt v. DRS Technologies, Inc., 424 N.J. Super. 188, 193 (App.

Div. 2012).

 Plaintiff additionally advanced a negligence claim against

defendants. However, the Firm did not represent plaintiff.

 5 A-2104-15T3
Therefore, the Firm had no duty to plaintiff, upon which a claim

of negligence could be based.

 Finally, turning to plaintiff's appeal of the court's denial

of her motion for reconsideration. Once again, plaintiff has

failed to set forth any facts from which it may be concluded that

the court, in dismissing plaintiff's complaint, overlooked

controlling decisions or misapplied the law to its analysis. See

R. 4:49-2; see also Cummings v. Bahr, 295 N.J. Super. 374-85 (App.

Div. 1996).

 Affirmed.

 6 A-2104-15T3