**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1038-19

FRANK GRILLO, KELLY
GONZALEZ, DOUGLAS TUBBY,
and POLICE BENEVOLENT
ASSOCIATION LOCAL 105,

     Plaintiffs-Appellants,

v.

STATE OF NEW JERSEY,

     Defendant-Respondent.

_____

Submitted January 19, 2021 - Decided April 1, 2021

Before Judges Messano, Hoffman and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0495-19.

Alterman & Associates, LLC, attorneys for appellants (Stuart J. Alterman and Timothy J. Prol, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Amy Chung, Deputy Attorney General, on the brief).

PER CURIAM

Appellants Frank Grillo, Kelly Gonzalez, Douglas Tubby, and Police Benevolent Association Local 105 (the PBA) appeal the dismissal with prejudice of their complaint pursuant to R. 4:6-2(e). For the reasons stated below, we affirm.

I.

The State Health Benefits Program (SHBP) provides health benefits coverage to employees of the State and other public employees whose employers participate in the program. N.J.S.A. 52:14-17.25 to -17.46(a). Appellants allege they should not be compelled to contribute to the cost of their health benefits plan based on their "base salary," as required under L. 2011, c. 78 (Chapter 78).

Prior to 1996, public employers paid the full premium costs of SHBP coverage for their employees. Public employees did not contribute to these costs. In 2011, through Chapter 78, the Legislature mandated "sweeping pension and health benefit changes" for public employees, including a requirement that they "contribute from three to thirty-five percent of their health care premium costs, rising with salary." In re New Brunswick Mun. Emps. Ass'n, 453 N.J. Super. 408, 416 (App. Div. 2018).

A-1038-19

On March 12, 2019, Grillo, Gonzalez, Tubby, municipal police officers in the City of Trenton, and the PBA filed a complaint against the State[1] for a judgment declaring that Chapter 78 contributions should be based not on salary, but "on the rate of Temporary Disability Benefits being paid." According to their complaint, Grillo, Gonzalez, and Tubby were injured at work and now receive temporary disability benefits[2] through workers' compensation. They allege they make premium contributions for health benefits under Chapter 78 based on their "current salary" or their "wages, not [their] earnings while [they are] receiving Temporary Disability Benefits." Appellants further allege their SHBP contributions while injured are "much higher than" they would be if their contributions were based on their temporary disability benefits. The PBA makes similar allegations.

The State moved pursuant to Rule 4:6-2(e) to dismiss the complaint with prejudice based on the plain language of Chapter 78. In addition to opposing

---

[1] Grillo, Gonzalez, and Tubby, municipal police officers, did not sue their public employer, the City of Trenton.

[2] "The purpose of temporary disability benefits is to provide an individual who suffers a work-related injury with a 'partial substitute for loss of current wages.'" Cunningham v. Atl. States Cast Iron Pipe Co., 386 N.J. Super. 423, 428 (App. Div. 2006) (quoting Ort v. Taylor-Wharton Co., 47 N.J. 198, 208 (1966)).

A-1038-19

the State's motion, appellants sought leave to amend the declaratory judgment complaint to secure alternate relief, declaring that recipients of temporary disability benefits are "not responsible for remitting [any] Chapter 78 contributions for health benefits under N.J.S.A. 52:14-17.28c."

The trial court granted the State's motion to dismiss with prejudice and denied leave to amend the complaint. Appellants raise the following arguments before us:

> Point I: The Superior Court Erred as a Matter of Law in Granting the State's Motion to Dismiss Since Appellants Stated a Claim Upon Which Relief Can Be Granted.
>
> Point II: The Superior Court Erred as a Matter of Law in Failing to Grant Appellants Leave to Amend Their Complaint.
>
> Point III: N.J.S.A. 52:14-17.28c Is Void for Vagueness as Applied to Workers Compensation Temporary Disability Benefits. (Not Raised Below)

II.

We review a dismissal for failure to state a claim pursuant to Rule 4:6-2(e) de novo, following the same standard as the trial court. Castello v. Wohler, 446 N.J. Super. 1, 14 (App. Div. 2016). In this context, we accept as true the complaint's factual assertions. Banco Popular N. Am. v. Gandi, 184 N.J. 161, 165–66, 183–84 (2005). "The court may not consider anything other than

4

whether the complaint states a cognizable cause of action." Rieder v. State, 221 N.J. Super. 547, 552 (App. Div. 1987) (citing P. & J. Auto Body v. Miller, 72 N.J. Super. 207, 211 (App. Div. 1962)). "It is the existence of the fundament of a cause of action in those documents that is pivotal; the ability of the plaintiff to prove its allegations is not at issue." Banco Popular N. Am., 184 N.J. at 183 (citing Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).

Under Rule 4:6-2(e), a motion to dismiss for failure to state a claim must be denied if, giving plaintiff the benefit of all the allegations asserted in the pleadings and all favorable inferences, a claim has been established. "At this preliminary stage of the litigation the Court is not concerned with the ability of [appellants] to prove the allegation contained in the complaint." Printing Mart-Morristown, 116 N.J. at 746 (citing Somers Constr. Co. v. Bd. of Educ., 198 F. Supp. 732, 734 (D.N.J. 1961)).

"[T]he test for determining the adequacy of a pleading [is] whether a cause of action is 'suggested' by the facts." Ibid. (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)). "When a motion challenging the legal sufficiency of a complaint is filed, plaintiff is entitled to a liberal interpretation and given the benefit of all favorable inferences that reasonably may be drawn."

A-1038-19

State ex rel. McCormac v. Qwest Commc'ns Int'l, Inc., 387 N.J. Super. 469, 478 (App. Div. 2006) (citing Stubaus v. Whitman, 339 N.J. Super. 38, 52 (App. Div. 2001)). Under that standard, motions to dismiss "should be granted in only the rarest of instances." Printing Mart-Morristown, 116 N.J. at 772.

We review matters of statutory interpretation de novo. Verry v. Franklin Fire Dist. No. 1, 230 N.J. 285, 294 (2017). Our ultimate "task in statutory interpretation is to determine and effectuate the Legislature's intent." Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 553 (2009). Courts "look first to the plain language of the statute, seeking further guidance only to the extent that the Legislature's intent cannot be derived from the words that it has chosen." McGovern v. Rutgers, 211 N.J. 94, 108 (2012) (quoting Bosland, 197 N.J. at 553). "The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citing Frugis v. Bracigliano, 177 N.J. 250, 282 (2003)). Thus, any analysis to determine legislative intent begins with the statute's plain language. Ibid. Our authority is bound by clearly defined statutory terms. Febbi v. Bd. of Review, 35 N.J. 601, 606 (1961). Where a specific definition is absent, "[w]e must presume that the Legislature intended the words it chose and the plain and ordinary meaning ascribed to those words."

Paff v. Galloway Twp., 229 N.J. 340, 353 (2017) (citing DiProspero, 183 N.J. at 492).

However, our review "is not limited to the words in a challenged provision." State v. Twiggs, 233 N.J. 513, 532 (2018). A court "'can also draw inferences based on the statute's overall structure and composition,' and may consider 'the entire legislative scheme of which [the statute] is a part.'" Ibid. (alteration in original) (citations omitted). "We do not view [statutory] words and phrases in isolation but rather in their proper context and in relationship to other parts of [the] statute, so that meaning can be given to the whole of [the] enactment." Id. at 533 (alterations in original) (quoting State v. Rangel, 213 N.J. 500, 509 (2013)).

Furthermore, "[t]he Legislature is presumed to be familiar with its own enactments, with judicial declarations relating to them, and to have passed or preserved cognate laws with the intention that they be construed to serve a useful and consistent purpose." State v. Federanko, 26 N.J. 119, 129 (1958) (citing Appeal of N.Y. State Realty & Terminal Co., 21 N.J. 90 (1956)).

"We review motions to amend [a complaint] under an abuse of discretion standard." Port Liberte II Condo. Ass'n, Inc. v. New Liberty Residential Urb. Renewal Co., 435 N.J. Super. 51, 62 (App. Div. 2014) (citing Kernan v. One

7

Wash. Park Urb. Renewal Assocs., 154 N.J. 437, 457 (1998)); Leitner v. Toms River Reg'l Sch., 392 N.J. Super. 80, 87 (App. Div. 2007). "Rule 4:9-1 requires that motions for leave to amend be granted liberally" and that "the granting of a motion to file an amended complaint always rests in the court's sound discretion." Notte v. Merchants Mut. Ins. Co., 185 N.J. 490, 500–01 (2006) (quoting Kernan, 154 N.J. at 456–57). In exercising that discretion, a court must go through "a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Id. at 501. The court determines whether the proposed amendment would be futile by asking "whether the amended claim will nonetheless fail and, hence, allowing the amendment would be a useless endeavor." Id. at 501–02.

## III.

Appellants seek declaratory relief permitting temporary disability benefits to substitute for the SHBP's "base salary." Merriam-Webster's Dictionary defines "salary" as "fixed compensation paid regularly for services." Salary, Merriam-Webster Dictionary (10th ed. 1993). The term "base salary," in the context of these facts, comes from N.J.S.A. 52:14-17.28c. This statutory section establishes the "amount of contribution to be paid pursuant to the provisions of sections 40, 41, and 42 of L. 2011, c. 78 by public employees of the State."

N.J.S.A. 52:14-17.28c.  Its language directing a public employee's health plan premium cost contribution is very specific.  "[A]n employee who earns [a designated dollar amount] shall pay [a corresponding percentage] of the cost of [health care benefits] coverage."  N.J.S.A. 52:14-17.28c.  This sentence is repeated forty-eight times in section 17.28c, with eighteen public employee earning tiers corresponding to specific percentages of premium contribution for family health plan coverage, fifteen public employee earning tiers corresponding to specific percentages of premium contribution for individual health plan coverage, and finally, fifteen public employee earning tiers corresponding to specific percentages of premium contribution for "[health care plan] members with child or spouse coverage or its equivalent".  Ibid.  Immediately following these forty-eight repetitive, carefully calibrated entries, section 17.28c expressly states that "[b]ase salary shall be used to determine what an employee earns for the purposes of this provision" and therefore must contribute.  Ibid.

We have considered the definition of "base salary" under slightly different facts.  Paterson Police PBA Loc. 1 v. City of Paterson, 433 N.J. Super. 416 (App. Div. 2013).  In Paterson Police PBA, the issue arose from a compulsory interest arbitration between the police unions and the city.  The arbitrator's award referenced a percentage of police officers' base salary they were statutorily

required[3] to contribute toward the costs of their health benefit premiums. Base salary was not defined in the arbitrator's award or the statute. No guidance was available in the corresponding administrative regulations. The dispute before the court was whether the "base salary" from which health plan premium contributions were to be paid would be "base contractual salary" or "base pensionable salary". Id. at 424.

In Paterson Police PBA, we followed our principles of statutory construction. After considering definitions of the term, salary, we turned to "extrinsic evidence from which to glean the Legislature's intent." Id. at 426

---

[3] "The law at issue here, which provided changes to the health benefits program, was introduced as S. 3, enacted as L. 2010, c. § 2, and codified as amended at N.J.S.A. 40A:10-21." Paterson Police PBA, 433 N.J. Super. at 420. The relevant statutory section in Paterson Police PBA is set forth here:

> Commencing on the effective date [May 21, 2010] of L. 2010, c. 2 and upon the expiration of any applicable binding collective negotiations agreement in force on that effective date, employees of an employer shall pay 1.5% of base salary, through the withholding of the contribution from the pay, salary or other compensation, for health care benefits coverage provided pursuant to N.J.S.[A.] 40A:10-17, notwithstanding any other amount that may be required additionally pursuant to subsection a. of this section for such coverage.
>
> [N.J.S.A. 40A:10-21(b).]

(citing <u>Klumb v. Bd. of Educ.</u>, 199 N.J. 14, 24 (2009)). After examining collective bargaining legislation[4] as well as relevant agency compliance guidelines, we held that the legislature intended base salary to mean base pensionable salary under N.J.S.A. 34:13A-16.7a.

Appellants would have us declare their temporary disability benefits "base salary" under the SHBP premium cost contribution statute, section 17.28c. We decline to do so. The facts of this case are less nuanced than in <u>Paterson Police PBA</u>, which distinguished between competing versions of police officers' annual collectively bargained salary. There is no basis in our principles of statutory construction to substitute temporary disability benefits, a temporary payment to employees arising from work-related injury status, for collectively bargained salary, pensionable or not. There is no need to reach outside of the SHBP statutory scheme to discern the legislature's intent. When the plain meaning of base salary is read together with section 17.28c's detailed and repetitive nexus between employee earnings and cost contribution, along with our holding in <u>Paterson Police PBA</u>, we find nothing in plaintiffs' complaint which sustains a cause of action. We presume "[t]he Legislature is familiar with its own

---

[4] Police and Fire Public Interest Arbitration Reform Act, N.J.S.A. 34:13A-14 to -19

enactments, with judicial declarations relating to them, and to have passed or preserved cognate laws with the intention that they be construed to serve a useful and consistent purpose." Twiggs, 233 N.J. at 532.

This matter warrants the "rare" dismissal with prejudice under Rule 4:6-2(e). Printing Mart-Morristown, 116 N.J. at 772.

Appellants next contend the trial court's denial of the motion to amend the complaint was an abuse of discretion. In their proposed amendment, appellants aver temporary disability benefits are not salary at all, and therefore they have no obligation under section 17.28c to contribute to their SHBP premium cost while they receive such temporary benefits. The trial court concluded that granting the amendment would be futile. We concur and note the Legislature may have anticipated this argument. N.J.S.A. 52:14-17.28d(a) reads in pertinent part:

> Notwithstanding the provisions of any other law to the contrary, public employees of the State and employers other than the State shall contribute, through the withholding of the contribution from the pay, salary, or other compensation, toward the cost of health care benefits coverage for the employee and any dependent provided under the State Health Benefits Program in an amount that shall be determined in accordance with . . . (N.J.S.A. 52:14-17.28c) . . . .

Under N.J.S.A. 52:14-17.28d, employees are required to contribute toward the cost of their SHBP in an amount determined by section 17.28c. Such contribution will be withheld from "pay, salary, or other compensation." N.J.S.A. 52:14-17.28d(a) (emphasis added). Temporary disability benefits are "other compensation," compensation from which SHBP premium cost contributions are deducted. The unambiguous language of N.J.S.A. 52:14-17.28d renders the potential cause of action in the proposed amendment futile. The trial court did not abuse its discretion in denying appellants' motion to amend.

Finally, appellants argue for the first time on appeal that N.J.S.A. 52:14-17.28c is void for vagueness. They suggest the definition of "base salary" in the statute is unclear as it applies to them. We will not consider issues "not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). Any arguments not addressed here are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1038-19